UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CV-22841-GRAHAM/GOODMAN

INTREPID INSURANCE CO.,

    Plaintiff/Counter-Plaintiff,

vs.

THE COLLECTION, LLC,

    Defendant/Counter-Defendant.
_____/

**DEFENDANT'S MOTION AND MEMORANDUM TO
DISMISS AND TO REALIGN PARTIES**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant, The Collection LLC, ("The Collection") by its undersigned counsel, hereby moves to dismiss Intrepid Insurance Co.'s ("Insurer") the Complaint for Declaratory Judgment.[1] The Collection also requests that the Court realign the parties to reflect the actual interests of the parties.

**MOTION TO DISMISS**

The Insurer has brought a two-count complaint against The Collection. Count I is for "No Deception Loss" and Count II is for "No Covered Property." These are not recognized claims as to which relief may be afforded. Although the Complaint never cites the Declaratory Judgment Act, 28 U.S.C. § 2201, the Insurer seeks a judicial declaration that no coverage exists for losses incurred by The Collection in connection with vehicles stolen from The Collection through a fraudulent scheme perpetrated by a third party who has since been criminally charged

---

[1] In order to expedite these proceedings, The Collection is simultaneously filing in a separate pleading an answer to the Complaint under Rule 12(a) should the Court deny dismissal.

and convicted.[2]  To obtain a declaratory judgment, however, the plaintiff "must identify a genuine dispute over 'the existence or non-existence of some right or status.'"  *Miami Yacht Charters LLC v. Nat'l Union Fire Ins. Co.*, Case No. 11-CIV-21163, 2012 WL 1416428, at *2 (S.D. Fla. April 24, 2012) (quoting *Keiner v. Woody,* 399 So. 2d 35, 37 (Fla. 3d DCA 1991)).  In *Miami Yacht*, this Court explained that "[d]eclaratory relief is not available '***to settle factual issues upon which coverage questions turn*** under an insurance contract which is clear and unambiguous.'" *Id.* at *2 (quoting *Travelers Ins. Co. v. Emery*, 579 So.2d 798, 801 (Fla. 1st DCA 1991)).

Here, the Complaint fails to identify any provision in the applicable insurance contract as to which the Insurer is in doubt.  Rather, the Insurer has filed this action as a "tactical device" to preempt The Collection's breach of contract insurance coverage case.  Courts hold that "the declaratory remedy is not a tactical device whereby a party who would be a defendant in a coercive action may choose to be a plaintiff if he can beat the other party to the courthouse." *Casualty Indem. Exch. v. High Croft Enters., Inc.*, 714 F. Supp. 1190, 1193 (S.D. Fla. 1989), *quoted in Miami Yacht Charters,* 2012 WL 1416428, at *2.  Instead, "***a court must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract*** and, in effect, seeks adjudication of the merits of the breach of contract claim." *Miami Yacht Charters,* 2012 WL 1416428, at *3.  The Collection's breach of contract counterclaim, filed simultaneously herewith, is the claim at issue and the declaratory relief request is entirely redundant and improper under Section 2201.

---

[2]  In support of jurisdiction, the Complaint cites 28 U.S.C. § 1333, which applies in admiralty cases.  The Collection assumes this is a typographical error.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

Case No. 13-CV-22841

## REQUEST TO REALIGN THE PARTIES

In addition, The Collection requests that the Court realign the parties so that The Collection is the Plaintiff.  It has long been held that "[i]t is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings and arrange the parties according to their sides in the dispute.'" *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 690 (1941) (quoting *Dawson* v. *Columbia Trust Co.*, 197 U.S. 178, 180).  If the parties are not properly aligned, as where one party is made a defendant when in that party is the claimant, the court will realign the parties according to their interests before determining diversity." *Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, n. 3 (5th Cir. 1973) (citing 3A Moore's FEDERAL PRACTICE, 2147-48).  In other words, "[c]courts may realign parties, according to their ultimate interests." *Smith v. Salish Kootenai College*, 434 F.3d 1127, 1133 (9th Cir. 2006).

In an insurance coverage case, it is proper to realign so that the insured claimant is the plaintiff. *See, e.g., Ironshore Indem., Inc. v. Banyon 1030-32, LLC,* Case No. 12-61678-CIV, 2013 WL 471155, at * 3 (S.D. Fla. Aug. 30, 2013) ("A district court has the discretion to realign the parties in a civil action."); *Geico Cas. Co. v. Beauford,* Case No. 05-cv-697-EAJ, 2007 WL 2446552, at * 1 (M.D. Fla. Aug. 23, 2007) (ordering realignment so that insurer, who initiated declaratory relief action, was realigned as defendant).  Here, realignment will position the parties in their true posture and fairly represent applicable burdens.

WHEREFORE, The Collection requests that the Court dismiss the Complaint and realign the parties pursuant to the Counterclaim of The Collection filed simultaneously herewith.

3

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

Case No. 13-CV-22841

        Respectfully submitted,

        COFFEY BURLINGTON, P.L.
        2699 South Bayshore Drive, Penthouse
        Miami, Florida  33133
        yvb@coffeyburlington.com
        service@coffeyburlington.com
        Tel:  305-858-2900
        Fax:  305-858-5261

By:    /s/   Paul J. Schwiep
        Paul J. Schwiep, Fla. Bar No. 823244
        Jeffrey B. Crockett FBN 347401
        pschwiep@coffeyburlington.com
        jcrockett@coffeyburlington.com
        service@coffeyburlington.com

                *AND*

        Evan R. Marks, Esq.
        emarks@marksandwest.com
        MARKS & WEST, P.A.
        100 Southeast 2nd Street, Suite 2700
        Miami, Florida 33131
        Telephone:  (305) 374-0210
        Facsimile:   (305) 374-4089

        *Counsel for The Collection, LLC*

4

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900    F:  305.858.5261
Email:  info@coffeyburlington.com    www.coffeyburlington.com

Case No. 13-CV-22841

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic notice by the CM/ECF system, this 13th day of September 2013, on all counsel or parties of record on the Service List below.

/s/   Paul J. Schwiep

## SERVICE LIST

| | |
|---|---|
| Michael B. Buckley, Esq. | Thomas Gary Gorday, Esq. |
| MBuckley@BuckleyLawGroup.com | GGorday@BuckleyLawGroup.com |
| Buckley Law Group, P.A. | Buckley Law Group, P.A. |
| 150 Second Avenue N, Suite 1200 | 15476 Northwest 77th Court, Suite 183 |
| St. Petersburg, Florida 33701 | Miami Lakes, Florida 33016 |
| Telephone: (727) 822-4800 | Telephone: (305) 822-8481 |
| Facsimile: (727) 490-3101 | Facsimile: (305) 822-8481 |
| | |
| *Counsel for Insurer* | *Counsel for Insurer* |

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com