THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

INTREPID INSURANCE CO.,

        Plaintiff,                               Case No: 1:13-cv-22841-DLG

vs.

THE COLLECTION, LLC.,

        Defendant.
_____/

### ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

The plaintiff, Intrepid Insurance Company ("Intrepid"), through its undersigned counsel, hereby answers the counterclaim of the defendant, The Collection, LLC. ("The Collection"), and states as follows:

1. The allegations of paragraph one are admitted.

2. The allegations of paragraph two are admitted.

3. The allegations of paragraph three are admitted.

4. The allegations of paragraph four are denied.

5. The allegations of paragraph five are denied.

6. The allegations of paragraph six are denied.

7. The allegations of paragraph seven are denied.

8. The allegations of paragraph eight are denied except to admit the authenticity of the referenced documents.

9. The allegations of paragraph nine are denied.

10. The allegations of paragraph ten are denied.

11. With respect to paragraph eleven, which merely repeats the previous allegations of the counterclaim, the plaintiff/counter-defendant repeats and re-alleges its previous responses.

12. The allegations of paragraph twelve are denied.

13. The allegations of paragraph thirteen are denied.

14. The allegations of paragraph fourteen are denied.

## AFFIRMATIVE DEFENSES

As and for its separate, affirmative defenses, the plaintiff/counter-defendant, further states the following:

## FIRST AFFIRMATIVE DEFENSE

### NO DECEPTION LOSS

15. Deception is defined as "theft of 'Covered Property' caused by or resulting from your [The Collection] voluntarily giving possession of or title to 'Covered Property' to someone . . ., but only if induced to do so my some fraudulent scheme, trick, device or false pretense that is a crime. This does not include inability or failure to pay . . . unless you can show that the buyer acted with criminal intent to steal the Covered Property from you."

16. The Deception Coverage is inapplicable to The Collection's claim for recovery of its net loss under the Policy at issue herein because SNM was unable to pay for the vehicles because it had fallen on hard times during a well-know economic downturn and could no longer stay current with respect to its operating financing from Valley Bank which foreclosed upon its superior interests in the vehicles by reason of its perfected security agreement. There was no fraudulent scheme, trick, device or false pretense that [was] a "crime" relative to The Collection.

17. The Deception Coverage is also inapplicable in the instant circumstance because it involved failure to pay for the vehicles, subsequent to the initial transfer of possession, and the

defendant, The Collection, cannot "show that the buyer [SNM] acted with criminal intent to steal" the vehicles from it, as required by the Policy, at the time of the initial transfer of possession of the vehicles. Rather, what is involved here was simply a commercial dispute as between parties with competing interest in the vehicles once the vehicles were voluntarily delivered to SNM and the Valley Bank security interest then attached to the same vehicles.

## SECOND AFFIRMATIVE DEFENSE

18. The Deception Coverage is also inapplicable because it requires that the insured "promptly notify the police of the 'loss' and assist in the arrest or prosecution of the person or persons who caused the 'loss'." *See Exhibit A*, Section B(3)(c)(2). This was not done. Rather, the insured, The Collection, sent its representatives to SNM's Virginia dealership and tried to work out the disputes that existed as between it, SNM and SNM's third party financier, Valley Bank.

## THIRD AFFIRMATIVE DEFENSE

19. The Deception Coverage is inapplicable because of the application of Exclusion 3(b) which states that the coverage does not apply to "loss or damage caused by or resulting from . . . [b]ankruptcy, foreclosure or similar proceedings . . .." *See* Section C(3)(b). This exclusion applies because the loss was occasioned upon the insured, The Collection, by Valley Bank's foreclosure upon its perfected UCC security agreement that covered the same vehicles.

## FOURTH AFFIRMATIVE DEFENSE

### NO COVERED PROPERTY

20. Covered Property is defined to include vehicles "which you have sold but for which you have not been paid in full," but in such a case, the Policy covers The Collection's interest in such vehicles "only for a period of up to ten (10) days following their delivery to a

buyer provided that you [The Collection] obtain Evidence of Insurance prior to delivery confirming that the buyer . . . has secured physical damage insurance covering these same vehicles." *See* Section B(1)(c). Since the instant circumstance involves vehicles that were sold by The Collection but for which it had not been paid in full by SNM, there is no coverage after the expiration of the ten day period, which in fact expired herein.

21. Covered Property specifically is defined to exclude vehicles "sold . . . transferred or assigned under sale, . . . conditional sale or other agreement" after the expiration of the ten day period quoted next above. *See* Section B(2)(b). In the instant circumstance, the vehicles were sold to SNM by The Collection under an agreement which would qualify as a conditional sale, and, so, they would have qualified as Covered Property only for the ten day period which expired.

## FIFTH AFFIRMATIVE DEFENSE

22. Upon learning of the facts giving rise to the potential loss, the defendant/insured did not give the plaintiff prompt notice so that it could take appropriate action but instead took the issue into its own hands, which violated policy provisions regarding prompt notice and cooperation, and which resulted in all the vehicles being repossessed by a third party, Valley Bank, which had a perfected security interest in them, which was a proximate cause of the loss of the vehicle, thus, prejudicing the plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

23. Upon learning of the facts giving rise to the potential loss, the defendant/insured did not give the plaintiff prompt notice so that it could take appropriate action but instead took the issue into its own hands, including entering into unauthorized settlements with third parties

who had liability to the defendant/insured, thus, prejudicing the plaintiff and destroying the plaintiff's potential subrogation rights.

*Wherefore*, the plaintiff requests a judgment in its favor on the counterclaim, and that it be awarded its taxable costs.

## **RESPONSE TO JURY DEMAND**

This case presents a proper declaratory judgment action, as argued in the plaintiff's contemporaneously filed Memorandum in Opposition to the Defendant's Motion to Dismiss. It calls upon the court to fashion an equitable decree. The only appropriate way for a jury to be involved is if the court were to empanel an advisory jury to resolve any factual issues embedded within the main coverage issue. The filing of a counterclaim does not change this where, as here, the action is initially brought as a proper declaratory judgment action.

                Respectfully submitted,

                */s/ Michael B. Buckley*
                _____
                **Michael B. Buckley, Esq.**
                FBN:  365734
                **T. Gary Gorday, Esq.**
                FBN: 293415
                BUCKLEY LAW GROUP, PA
                150 Second Avenue North, Suite 1200
                St. Petersburg, Florida  33701
                Phone: (727) 822-4800
                Primary Email:
                      mbuckley@buckleylawgroup.com
                      ggorday@buckleylawgroup.com
                Secondary Email:
                      hdalmanieras@buckleylawgroup.com
                      mgorday@buckleylawgroup.com
                *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent via electronic notice by the CM/ECF system this 17th day of September, 2013, to: Paul J. Schwiep, and Jeffrey Crockett, Coffey Burlington, P.L.; 2699 South Bayshore Drive, Penthouse; Miami, FL 33133 and via email to Evan R. Marks at emarks@marksandwest.com.

*/s/ Michael B. Buckley*
_____