THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

INTREPID INSURANCE CO.,

    Plaintiff,        Case No: 1:13-cv-22841-DLG

vs.

THE COLLECTION, LLC.,

    Defendant.
_____/

## MEMORANDUM IN OPPOSITION TO MOTION TO DIMSISS

  The plaintiff, Intrepid Insurance Company ("Intrepid"), through its undersigned counsel, hereby files this memorandum in opposition to the motion to dismiss filed by the defendant, The Collection. (DE 10).

  This is a declaratory judgment action filed with respect to a long-standing dispute as to the application of coverage between the parties.  At paragraph 23, after setting forth the factual matters giving rise to the coverage disagreement, the plaintiff pleads:

> The Collection and Intrepid disagree as to whether the resulting net loss is covered under the terms of the Policy, and, hence, are in doubt as to their rights, duties and obligations under the Policy, thus leaving the parties in an actual dispute that can be resolved by this court's declaration of rights which would not be in the nature of an advisory opinion, but would have real and immediate consequences for the parties.  Thus, this is an appropriate declaratory action.

  The defendant's motion suggests that a declaratory judgment action that rests on an unambiguous policy but requires factual determinations is always improper.  That is wrong.  *See*

*Travelers Ins. Co. Emery*, 579 So.2d 798 (Fla. 1st DCA 1991)(DJA filed by homeowner's insurer based upon business pursuits exclusion).

> Generally, declaratory relief is not available to settle factual issues upon which coverage questions turn under an insurance contract which is clear and unambiguous, because such instances present no need for contract construction or interpretation. Therefore, some courts would say the lower court lacks jurisdiction. However, questions of fact and disagreements concerning coverage under insurance policies are proper subjects for a declaratory judgment if necessary to a construction of legal rights.

Id at 801. It is perfectly appropriate to interpret a clear policy provision in respect of certain pleaded facts. As the court concluded in *Emery*:

> We find it equally clear that this declaration does not depend solely upon a factual determination, but requires the court's *interpretation* of the "business pursuits" policy exclusion as applied to a particular set of facts alleged in the petition.

*Id*. at 802.

In fact, in Florida, even where there is a related, underlying tort case ongoing, a court can and should still exercise its discretion to determine factual issues on a declaratory judgment action – even if the same factual issues are determinative of the underlying tort case. *See State Farm v. Higgins*, 894 So.2d 5 (Fla. 2004)(homeowner's insurer's action to determine that injury caused by assault, not negligence as pleaded in underlying tort case). *Higgins* dealt specifically with the issue raised by the instant motion to dismiss and unequivocally rejected the old rule that declaratory judgments are not proper when based upon factual determinations. In fact, that was the exact certified question involved in that case.

> We therefore answer the certified question in the affirmative, hold that the declaratory judgment statutes authorize declaratory judgments in respect to insurance policy indemnity coverage and defense obligations in cases in which it is necessary to resolve issues of fact in order to decide the declaratory judgment action,

>and recede from *Columbia Casualty* to the extent that it is inconsistent with this holding.

*See also Horace Mann Ins. Co. v. Roberts*, 676 So.2d 85 (Fla. 5th DCA 1996). While there may have been some logic, pre-*Higgins*, to abating or staying a declaratory judgment action while factual issues are resolved by a jury in related tort litigation, such is not even the case here. There is no underlying or related litigation. The parties simply have a present dispute as to the interpretation of the subject policy with respect to a set of facts pleaded in the complaint. This is a proper declaratory judgment action. And, in any respect, the defendant's counterclaim surely leaves the issue well-joined such that there is obviously a ripe dispute.

Respectfully submitted,

*/s/ Michael B. Buckley*

_____

**Michael B. Buckley, Esq.**
FBN: 365734
BUCKLEY LAW GROUP, PA
150 Second Avenue North, Suite 1200
St. Petersburg, Florida 33701
Phone: (727) 822-4800
Primary Email:
mbuckley@buckleylawgroup.com
ggorday@buckleylawgroup.com
Secondary Email:
hdalmanieras@buckleylawgroup.com
jburns@buckleylawgroup.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent via electronic notice by the CM/ECF system this 17th day of September, 2013, to: Paul J. Schwiep and Jeffrey Crockett, Coffey Burlington, P.L.; 2699 South Bayshore Drive, Penthouse; Miami, FL 33133 and via email to Evan R. Marks at emarks@marksandwest.com.

*/s/ Michael B. Buckley*
_____