UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CV-22841-GRAHAM/GOODMAN

INTREPID INSURANCE CO.,

    Plaintiff/Counter-Defendant,

vs.

THE COLLECTION, LLC,

    Defendant/Counter-Plaintiff.

_____/

**THE COLLECTION'S REPLY TO INSURER'S MEMORANDUM IN OPPOSITION TO THE COLLECTION'S MOTION TO DISMISS AND TO REALIGN PARTIES**

This is The Collection LLC's ("The Collection") Reply to Intrepid Insurance Co.'s ("Insurer") Memorandum in Opposition to The Collection's Motion to Dismiss (DE 13, hereinafter "Opp'n").

The Collection moved to dismiss the Insurer's claim for declaratory relief and to realign the parties with The Collection as Plaintiff and Insurer as Defendant. (DE 10.) The Collection relied on case law from the Southern District of Florida holding that "[d]eclaratory relief is not available '*to settle factual issues upon which coverage questions turn* under an insurance contract which is clear and unambiguous.'" *Miami Yacht Charters LLC v. Nat'l Union Fire Ins. Co.*, Case No. 11-CIV-21163, 2012 WL 1416428, at *2 (S.D. Fla. April 24, 2012) (quoting *Travelers Ins. Co. v. Emery*, 579 So.2d 798, 801 (Fla. 1st DCA 1991)), *cited in* DE 10.

The Insurer now responds, citing only inapposite and equivocal Florida state court procedural cases (cases, unlike here, where the insured had not filed a claim under the policy), and ignoring entirely both the federal Declaratory Judgment Act, 28 U.S.C. § 2201, on which the

Insurers claim is bottomed, and *Miami Yacht*, which explains the limitations of the federal act. Indeed, the Insurer fails to even mention *Miami Yacht*, an opinion supporting dismissal and authored by the Magistrate Judge assigned to this action.

Federal courts in this District (and elsewhere) are uniform that a declaratory judgment request under Section 2201, U.S.C. Title 28, will not lie to resolve factual or legal issues under an insurance policy that is the subject of a separate claim for breach of the insurance contract. *See Fernando Grinberg Trust Success Int'l Props., LLC v. Scottsdale Ins. Co.*, Case No. 10-20448, 2010 WL 2510662, at * 1-2 (June 21, 2010); *see also Perret v. Wyndham Vacation Resorts, Inc.*, 889 F. Supp. 2d 1333, 1346 (S.D. Fla. 2012) (dismissing declaratory relief count and holding that "court should not entertain an action for declaratory relief when the issues are properly raised in other counts of the pleadings and are already before the court."); *Eisenberg v. Standard Ins. Co.,* No. 09–80199–CIV, 2009 WL 3667086, at *3 (S.D. Fla. Oct. 26, 2009) (dismissing count for declaratory relief because the contractual interpretation inherent to plaintiff's breach of contract claim would resolve the request for declaratory judgment and also bind the parties as a matter of collateral estoppel); *Regency of Palm Beach, Inc. v. QBE Insurance Corp.,* No. 08–81442–CIV, 2009 WL 2729954, at *4 (S.D. Fla. Aug. 25, 2009) (dismissing portions of a declaratory judgment claim that asked for a determination that contract had been breached and an amount of damages because these matters would be resolved by plaintiff's breach of contract claims).

In addition, the federal Declaratory Judgment Act is unavailable in the insurance contract context where the plaintiff insurer fails to identify an ambiguous or unclear provision of the policy as to which it seeks a declaration. *Miami Yacht*, 2012 WL 1416428, at *2. An insurer's declaratory relief action filed as "tactical device" to "beat the other party to the courthouse" door

2

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

without identifying unclear or ambiguous contractual provisions should be dismissed. *Id.*

Here, no party disputes that the insurance policy at issue provides coverage for loss if The Collection's automobiles or titles thereto are taken by fraud, deception or theft. The legal and factual issues arising from The Collection's claim against the Insurer are squarely and completely presented in The Collection's breach of contract claim, (DE 9), and the Insurer's Answer and Affirmative Defenses 1-6 to the Counterclaim (DE 12). The issues raised in the Insurer's declaratory relief claim are also completely subsumed in The Collection's counterclaim and the Insurer's response, as the Insurer concedes in stating that "[The Collection's] counterclaim surely leaves the issues well-joined such that there is obviously a ripe dispute." (Opp'n at 3.) Meanwhile, the Insurer fails to identify any ambiguous or unclear policy provision as to which declaratory relief would be proper. The declaratory relief claim appears to have been filed simply in an effort to win the proverbial "race to the courthouse." *Miami Yacht*, 2012 WL 1416428, at *2.

WHEREFORE, The Collection requests that the Court dismiss the Insurer's Complaint and realign the parties pursuant to the claim of The Collection.[1]

---

[1] The Insurer's response does not address The Collection's request for realignment and the Court may grant realignment on that ground alone. *See* S.D. Fla. LR 7.1(c) ("Failure to [oppose a motion] may be deemed sufficient cause for granting the motion by default.").

3

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

Case No. 13-CV-22841

Respectfully submitted,

COFFEY BURLINGTON, P.L.
2699 South Bayshore Drive, Penthouse
Miami, Florida  33133
Tel:  305-858-2900
Fax:  305-858-5261

By:  ___/s/   Paul J. Schwiep_____
Paul J. Schwiep, Fla. Bar No. 823244
Jeffrey B. Crockett FBN 347401
pschwiep@coffeyburlington.com
jcrockett@coffeyburlington.com
yvb@coffeyburlington.com
service@coffeyburlington.com

*AND*

Evan R. Marks, Esq.
emarks@marksandwest.com
MARKS & WEST, P.A.
100 Southeast 2nd Street, Suite 2700
Miami, Florida 33131
Telephone:  (305) 374-0210
Facsimile:   (305) 374-4089

*Counsel for The Collection, LLC*

4

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900    F: 305.858.5261
Email:  info@coffeyburlington.com        www.coffeyburlington.com

Case No. 13-CV-22841

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic notice by the CM/ECF system, this 24th day of September 2013, on all counsel or parties of record on the Service List below.

/s/   Paul J. Schwiep

# SERVICE LIST

Michael B. Buckley, Esq.
MBuckley@BuckleyLawGroup.com
Buckley Law Group, P.A.
150 Second Avenue N, Suite 1200
St. Petersburg, Florida 33701
Telephone: (727) 822-4800
Facsimile:  (727) 490-3101

*Counsel for Insurer*

Thomas Gary Gorday, Esq.
GGorday@BuckleyLawGroup.com
Buckley Law Group, P.A.
15476 Northwest 77th Court, Suite 183
Miami Lakes, Florida 33016
Telephone: (305) 822-8481
Facsimile:  (305) 822-8481

*Counsel for Insurer*

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com