**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 13-22841-CIV-GRAHAM/GOODMAN

INTREPID INSURANCE CO.,

     Plaintiff,

vs.

THE COLLECTION, LLC,

     Defendant.

_____/

### ORDER

**THIS CAUSE** came before the Court upon Defendant, The Collection, LLC's ("The Collection") motion to dismiss and to realign parties [D.E. 10], Plaintiff, Intrepid Insurance, Co.'s ("Intrepid") response in opposition to motion to dismiss [D.E. 13], and The Collection's reply to the same [D.E. 15].

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's motion to dismiss and to realign parties [D.E. 10] is granted.

**I. BACKGROUND**

     Intrepid filed a two-count complaint against The Collection. Count I alleges "No Deception Loss" and Count II alleges "No Covered Property." [D.E. 1]. Although the Complaint never cites

1

the Declaratory Judgment Act, 28 U.S.C. § 2201, Intrepid seeks a judicial declaration that no coverage exists for losses incurred by The Collection. [D.E. 1]. The Collection filed a counterclaim alleging a single count for breach of contract. [D.E. 9]. The Collection moves to dismiss Intrepid's complaint and realign the parties pursuant to The Collection's counterclaim. [D.E. 10].

## II. LEGAL STANDARDS

### A. Motion to Dismiss

At this motion to dismiss stage, the Court must view the complaint in the light most favorable to the plaintiff and accept its allegations as true. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Beck v. Deloitte & Touche, 144 F.3d 732 (11th Cir. 1998). Federal Rule of Civil Procedure 8(a)(2) requires that a Plaintiff give notice of its claim by including in the complaint a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. (8)(a)(2); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court held that in order to survive a motion to dismiss, a complaint must contain factual allegations which are enough to raise a right to relief above the speculative level. Twombly, 127 S. Ct. at 1965. The Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. V.

2

Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

**B.   Declaratory Judgment**

A court may declare the rights and other legal relations of any interested party in the case of an actual controversy within its jurisdiction. 28 U.S.C. § 2201. Florida Statute Section 86.021 provides for a declaration of rights or status where a party to an agreement is in doubt as to his or her rights. City of Hollywood v. Fla. Power & Light, Co., 624 So.2d 285 (Fla.Dist.Ct.App.1993). The only relevant inquiry in a motion to dismiss a declaratory judgment action is whether or not the plaintiff is entitled to a declaration of rights. Tobon v. Am. Sec. Ins. Co., No. 06-61912-Civ, 2007 WL 1796250, at *2 (S.D.Fla. June 20, 2007); *see also* Gov't Emp. Ins. v. Anta, 379 So.2d 1038, 1039 (Fla.Dist.Ct.App.1980). "[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." McIntosh v. Harbour Club Villas, 468 So.2d 1075, 1080-81 (Fla.Dist.Ct.App.1985) (Nesbitt, J. specially concurring); *see also* Taylor v. Cooper, 60 So.2d 534, 535-36 (Fla.1952).

In deciding whether to entertain a declaratory judgment action, district courts are provided "ample" discretion. Kerotest Manufacturing, Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183-84, 72 S.Ct. 219, 96 L.Ed. 200 (1952) ("an ample degree of

3

discretion, appropriate for disciplined and experienced judges, must be left to the lower courts" in their decision to adjudicate declaratory judgment claims); *see* MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) ("The Declaratory Judgment Act provides that a court *may* declare the rights and other legal relations of any interested party, not that it *must* do so) (emphasis in original). The Court's discretion extends to whether to sustain a declaratory judgment action when a direct action involving the same parties and the same issues has already been filed. Knights Armament Co. v. Optical Systems Tech., Inc., 568 F.Supp.2d 1369, 1364-75 (M.D.Fla.2008). Moreover, a declaratory judgment serves to clarify the legal relations and is not for the purpose of making factual determinations. Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC, 650 F.Supp.2d 1213, 1231 (S.D.Fla.2009); Eisenberg v. Standard Ins. Co., No. 09-80199, 2009 WL 1809994, at * 3 (S.D.Fla. June 25, 2009).

## III. Analysis

## Motion to Dismiss

Here, Intrepid's claims overlaps with the relief sought in The Collection's counterclaim. The determination of The Collection's counterclaim for breach of contract involves the same factual dispute as the declaratory judgment claim, namely, to what extent, if any, is The Collection's loss covered by the insurance policy. In other words, Intrepid will be able to secure full, adequate and

4

complete relief through the breach of contract counterclaim. A court should not entertain an action for declaratory relief when the issues are properly raised in other pleadings and are already before the court. Fernando Grinberg Trust Success International Properties, LLC v. Scottsdale Insurance Co., 2010 WL 2510662, *1 (S.D.Fla. June 21, 2010) (citation omitted). As Intrepid's claim for declaratory relief is subsumed within The Collection's counterclaim, the declaratory action must be dismissed. See Taylor v. Cooper, 60 So.2d 534, 535 (Fla.1952); Fernando Grinberg Trust Success Int. Properties LLC v. Scottsdale Ins. Co., 10-20448-CIV, 2010 WL 2510662 (S.D. Fla. June 21, 2010).

**Motion to Realign Parties**

The court is not required to maintain the status of the parties as plead, but instead must "look beyond the pleadings, and arrange the parties according to their sides in the dispute." Indianapolis v. Chase National Bank, 314 U.S. 63, 67, 62 S.Ct. 15 (1941); Ironshore Indem., Inc. v. Banyon 1030-32, LLC, 12-61678-CIV, 2013 WL 4711155 (S.D. Fla. Aug. 30, 2013). To do so, the court must determine "the principal purpose of the suit and the primary and controlling matter in dispute." Indemnity Ins. Co. of North America v. First Nat. Bank at Winter Park, Fla., 351 F.2d 519, 522 (5th Cir.1965) (citing City of Indianapolis, 314 U.S. at 72). Also, "[r]ealignment is appropriate only if the interests of the realignment parties are manifestly the same." Andalusia

5

<u>Enterprises, Inc. v. Evanston Ins. Co.</u>, 487 F.Supp.2d 1290, 1296–97 (N.D.Ala.2007).

Here, the pleadings and the nature of the action clearly manifest the proper alignment of the dispute. The interest of the parties is the same. The primary and controlling matter in dispute is whether Intrepid is required to provide coverage for The Collection's loss under the terms of the policy and if so, the amount of coverage. As such, the Court finds that realignment of The Collection as plaintiff appropriate. Therefore, The Collection's motion to realign is granted.


**III. CONCLUSION**

Accordingly, it is hereby,

**ORDERED AND ADJUDGED** that Defendant, The Collection, LLC's ("The Collection") motion to dismiss and to realign parties [D.E. 10] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that The Collection, LLC, shall be **REALIGNED** as the plaintiff and Intrepid Insurance Co., as the defendant in this matter.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of October, 2013.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:  U.S. Magistrate Judge Goodman
     Counsel of Record

7