**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 13-CV-22841-GRAHAM/SIMONTON**

THE COLLECTION, LLC,

      Plaintiff,

vs.

INTREPID INSURANCE CO.,

      Defendant.

_____/

## PARTIES' JOINT PROPOSED JURY INSTRUCTIONS

Plaintiff The Collection, LLC ("The Collection") together with Defendant Intrepid Insurance Company ("Intrepid Insurance"), by and through their respective undersigned counsel, hereby submit their proposed jury instructions for the trial of this matter.

Not all the proposed instructions are agreed.  Agreed proposed instructions are set out in regular typeface.

**Instructions proposed only by The Collection are designated "The Collection's Proposed Instruction" and are presented in bold-face type.**

Instructions proposed only by Intrepid are designated "Defendant's Proposed Instruction" and are presented in underlining.

Case No. 13-CV-22841-GRAHAM/SIMONTON

Respectfully submitted,

BUCKLEY LAW GROUP, P.A.,
150 Second Avenue N, Suite 1200
St. Petersburg, Florida 33701
Telephone: (727) 822-4800
Facsimile: (727) 822-4855

By: _____ s/ Thomas Gary Gorday _____
Michael B. Buckley, FBN: 365734
MBuckley@BuckleyLawGroup.com
Thomas Gary Gorday, Esq.
GGorday@BuckleyLawGroup.com
MGorday@BuckleyLawGroup.com

*Counsel for Intrepid Insurance Co.*

COFFEY BURLINGTON, P.L
2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261

By: _____ s/ Paul J. Schwiep _____
Paul J. Schwiep, Fla. Bar No. 823244
pschwiep@coffeyburlington.com
yvb@coffeyburlington.com
service@coffeyburlington.com

*AND*

Evan R. Marks, Esq.
MARKS & WEST, P.A.
100 Southeast 2nd Street, Suite 2700
Miami, Florida 33131
Telephone: (305) 374-0210
Facsimile: (305) 374-4089
**Primary:** emarks@marksandwest.com
**Secondary:** mvalladares@marksandwest.com

*Counsel for The Collection, LLC*

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic notice by the CM/ECF system, this 25th day of August, 2014, on all counsel or parties of record on the Service List below.

s/   Paul J. Schwiep

## SERVICE LIST

| | |
|---|---|
| **Michael B. Buckley, Esq.**<br>MBuckley@BuckleyLawGroup.com<br>BUCKLEY LAW GROUP, P.A.<br>150 Second Avenue N, Suite 1200<br>St. Petersburg, Florida 33701<br>Telephone: (727) 822-4800<br>Facsimile:  (727) 490-3101<br><br>*Counsel for Defendant* | **Thomas Gary Gorday, Esq.**<br>GGorday@BuckleyLawGroup.com<br>MGorday@BuckleyLawGroup.com<br>BUCKLEY LAW GROUP, P.A.<br>15476 Northwest 77th Court, Suite 183<br>Miami Lakes, Florida 33016<br>Telephone: (305) 822-8480<br>Facsimile:  (305) 822-8481<br><br>*Counsel for Defendant* |

Case No. 13-CV-22841-GRAHAM/SIMONTON

## <u>GENERAL PRELIMINARY INSTRUCTION</u>

**Members of the Jury:**

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

**The jury's duty:**

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

**What is evidence:**

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion. Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence"—simply a chain of circumstances that likely proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

**What is not evidence:**

4

During the trial, you'll hear certain things that are not evidence and you must not consider them. First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers and documents admitted into evidence by the judge are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did—unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

**Credibility of witnesses:**

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account: the witness's opportunity and ability to see, hear, or know the things the witness is testifying about; the witness's memory; the witness's manner while testifying; any interest the witness has in the outcome of the case; any bias or prejudice the witness may have; any other evidence that contradicts the witness's testimony; the reasonableness of the witness's testimony in light of all the evidence; and any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

**Description of the case:**

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, The Collection is a car dealership.  The Collection claims that the Defendant, Intrepid Insurance, breached a contract of insurance that The Collection purchased from Defendant Intrepid Insurance called a dealer open lot insurance policy.  The Collection seeks money damages under its insurance policy. Defendant Intrepid Insurance denies that The Collection's claim is covered under the insurance policy.  Defendant Intrepid Insurance also denies that The Collection is entitled to any money damages under the insurance policy.

**Burden of proof:**

The Collection has the burden of proving its case by what the law calls a "preponderance of the evidence." That means The Collection must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring The Collection and

6

the evidence favoring Intrepid Insurance on opposite sides of balancing scales, The Collection needs to make the scales tip to its side.

To decide whether any fact has been proved by a preponderance of the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

**Conduct of the jury:**

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very

important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

**Taking notes:**

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

**Course of the trial:**

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, The Collection will present its witnesses and ask them questions. After The Collection questions the witness, Intrepid Insurance may ask the witness questions—this is called "cross-examining" the witness. Then Intrepid Insurance will present its witnesses, and The Collection may cross-examine them. You should base your decision on all the evidence,

regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

<u>Authority:</u>  Eleventh Circuit Pattern Jury Instructions, Civil Cases, General Preliminary Instruction 1.1 (2013 ed.)

Case No. 13-CV-22841-GRAHAM/SIMONTON

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - what we call your deliberations.

Authority: Eleventh Circuit Pattern Jury Instructions, Civil Cases, Basic Instruction 3.1 (2013 ed.)

10

Case No. 13-CV-22841-GRAHAM/SIMONTON

## PROPOSED JURY INSTRUCTION NO. 1
### (The Duty to Follow Instructions—Corporate Party Involved)

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a business entity is involved as a party must not affect your decision in any way. A business entity and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a business entity is involved, of course, it may act only through people as its employees; and, in general, a business entity is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Authority: Eleventh Circuit Pattern Jury Instructions, Civil Cases, Basic Instruction 3.2.2, The Duty to Follow Instructions–Corporate Party Involved (2013 ed.)

Case No. 13-CV-22841-GRAHAM/SIMONTON

## PROPOSED JURY INSTRUCTION NO. 2
### (Credibility of Witnesses)

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

Authority: Eleventh Circuit Pattern Jury Instructions, Civil Cases, Basic Instruction 3.4, Credibility of Witnesses (2013 ed.)

12

Case No. 13-CV-22841-GRAHAM/SIMONTON

## PROPOSED JURY INSTRUCTION NO. 3
### (Impeachment of Witnesses Because of Inconsistent Statement)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Authority: Eleventh Circuit Pattern Jury Instructions, Civil Cases, Basic Instruction 3.5.1, Impeachment of Witnesses, Inconsistent Statement (2013 ed.)

Case No. 13-CV-22841-GRAHAM/SIMONTON

## PROPOSED JURY INSTRUCTION NO. 4
### (Responsibility for Proof—Plaintiff's Claim[s], Cross Claims, Counterclaims Preponderance of the Evidence)

In this case it is the responsibility of The Collection to prove every essential part of its claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that The Collection's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against The Collection.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of The Collection's claim by a preponderance of the evidence, you should find for Intrepid Insurance as to that claim.

Authority: Eleventh Circuit Pattern Jury Instructions, Civil Cases, Basic Instruction 3.7.1, Responsibility for Proof—Plaintiff's Claim[s], Cross Claims, Counterclaims Preponderance of the Evidence (2013 ed.)

14

Case No. 13-CV-22841-GRAHAM/SIMONTON

### THE COLLECTION'S PROPOSED JURY INSTRUCTION NO. 5
(The Collection's Claim for Breach of Contract)

In this case, The Collection and Intrepid Insurance entered into a written insurance policy for coverage of The Collection's vehicles. An insurance policy is a type of contract. The duties of Intrepid Insurance under the insurance policy includes providing coverage to The Collection for losses that are the result of "deception," including losses suffered where The Collection voluntarily delivers possession of a car if The Collection is induced by a "fraudulent scheme, trick, device or false pretense." In order for a "deception" loss to be covered, the loss must fall within the policy's definition of "deception."

The term "breach of contract" means the failure to perform the promises contained in a contract without legal excuse. In Florida, in order to establish a breach of contract claim, a party must prove: (1) the existence of a valid contract, (2) the material breach of the contract's terms by a party to the contract, and (3) the material breach caused damages to the non-breaching party.

In this case, the parties agree that The Collection's insurance policy is valid and enforceable.  Accordingly, The Collection is only required to prove that:

1.   Intrepid Insurance materially breached the insurance policy by improperly denying coverage for The Collection's loss of vehicles, and

2.   Intrepid Insurance's material breach of the insurance contract caused The Collection to suffer damages.

Authority: *Clarendon Am. Ins. Co. v. Miami River Club, Inc.*, 417 F. Supp. 2d 1309, 1317 (S.D. Fla. 2006); *Black's Law Dictionary* 200 (9th ed. 2009) (defining "breach of contract" as "[v]iolation of a contractual obligation by failing to perform one's own promise"); *F.D.I.C. v. Floridian Title Group Inc.*, 972 F. Supp. 2d 1289 (S.D. Fla. 2013).

15

Case No. 13-CV-22841-GRAHAM/SIMONTON

## DEFENDANT'S PROPOSED INSTRUCTION NO.5

## INSTRUCTIONS ON ISSUES AND DEFENSES

The issues for your determination on the claim of the plaintiff, The Collection, against the defendant, Intrepid Insurance Company, is whether the loss occasioned by The Collection is covered under Intrepid's Insurance Policy.  In order to find for the plaintiff, The Collection, you must find that it voluntarily gave possession of or title to the subject vehicles to someone, other than its employee or a carrier for hire, but only if induced to do so by some fraudulent scheme, trick, device or false pretense that is a crime.  This does not include inability or failure of a buyer to pay The Collection for the subject vehicles unless The Collection can show that the buyer acted with criminal intent to steal the vehicles from The Collection.

Further, in order to find for the plaintiff, The Collection, you must find that The Collection complied with the following condition of coverage in Intrepid' s insurance policy:

Intrepid will cover "loss" caused by Deception provided that:

You [The Collection] promptly notify the police of the "loss" and assist in the arrest and prosecution of the person or persons who caused the "loss."

Failure to comply with the above condition will avoid coverage for that particular loss caused by or resulting from Deception.

If the preponderance of the evidence does not support the claim of the plaintiff, The Collection, then your verdict is for the defendant, Intrepid Insurance Company, and you should proceed no further except to date and sign the verdict form and return to the court room.  If, however, you find that the preponderance of the evidence does support the claim of the plaintiff against the defendant, then you should consider the defenses raised by the defendant.

On the first defense of the defendant, Intrepid Insurance Company, the issues for your determination are whether certain exclusions contained in the policy apply.  The first exclusion states that the defendant, Intrepid, will not pay for loss or damage caused by or resulting from any of the following: . . . bankruptcy, foreclosure or similar proceedings.  If the preponderance of the evidence supports this first defense of Intrepid, then your verdict is for the defendant, Intrepid Insurance Company, and you should proceed no further except to date and sign the verdict form and return to the court room.  If the preponderance of the evidence does not support this defense, then you should consider the second defense of the defendant.

On the second defense of the defendant, Intrepid Insurance Company, the issues for your determination are whether the plaintiff, The Collection, failed to comply with the insurance policy's provisions regarding its duties in the event of a loss.  These duties are as follows:

You [The Collection] must see that the following are done in the event

16

of "loss":

    a.  Notify the police if a law may have been broken.

    b.  Give us prompt notice of the "loss," including a detailed description of the property involved, a description of when, where and how the "loss" occurred and the amount of "loss claimed.  At our request, you must give us complete inventories of the damaged and undamaged property, including quantities, cost and values.

    c.  Take all reasonable steps to protect [the vehicles] from further loss or damage.  If feasible, set the damaged property aside in the best possible order for examination.  Keep a detailed record of your expenses including receipts, where applicable, for consideration in the settlement of your claim.

    d.  Make no statement that will assume any obligation or admit any liability for any loss for which we may be liable without our [Intrepid's] consent.

If the preponderance of the evidence does not support the defendant's defense that The Collection violated one these duties in the event of loss, then you have nothing more to consider on this defense, and your verdict is for The Collection, but if you find by the preponderance of the evidence that one of these duties in the event of loss was violated by The Collection, then the defendant, Intrepid Insurance Company, must also have been prejudiced by such a violation in order for this defense to apply.  In this regard, you are instructed that prejudice to the defendant is presumed by the law.  However, the plaintiff, The Collection, has the right to show by the preponderance of the evidence that such presumption of prejudice to the defendant is overcome by showing that, in fact, the defendant was not prejudiced.   So, if you find by the preponderance of the evidence that the defendant, Intrepid, was not in fact prejudiced by a violation of one of the duties in the event of loss, then this second defense does not apply and your verdict is for the plaintiff, The Collection.  But if you find that the preponderance of the evidence does not overcome the presumption of prejudice to Intrepid, then this second defense applies and your verdict is for the defendant.

Case No. 13-CV-22841-GRAHAM/SIMONTON

## THE COLLECTION'S PROPOSED JURY INSTRUCTION NO. 6
### (Breach of Insurance Policy)

The provisions of an insurance policy should be construed as any other type of contract. The entire contract should be reviewed to ensure the proper interpretation of any single provision of the policy. The parties to an insurance contract are free to allocate responsibility for certain risks and an insurer may provide coverage for some risks and exclude others.

The rights and responsibilities of the insurer and the insured are set out in the policy as well as any of the policy's declarations, modifications or endorsements. If you find that the language of policy is plain and unambiguous, its terms must be implemented in accordance to the plain and ordinary meaning of policy's language.

However, if you find that the language at issue is not plain and clear, and rather it is ambiguous and can be subject to more than one interpretation, then you must interpret the policy liberally in favor of The Collection and against Intrepid Insurance. If you find that one interpretation of the policy results in coverage and another reasonable interpretation of the policy results in exclusion, you must adopt the interpretation of the policy that affords The Collection coverage for its losses. This is because the law in Florida requires that an ambiguous insurance policy be strictly construed against the insurer and in favor of the insured, here, The Collection. Where the phrasing of the policy is so confusing that an average person cannot make out the boundaries of the policy, then the policy is ambiguous and must be construed in favor of its purpose.

Authority: *Gulf Tampa Drydock Co. v. Great Atl. Ins. Co.*, 757 F.2d 1172 (11th Cir. 1985); Rey v. Guy Gannett Pub. Co., 766 F.Supp. 1142 (S.D. Fla. 1991); *State Farm Mut. Auto. Ins. Co. v. Menendez*, 70 So.3d 566 (Fla. 2011).

18

### THE COLLECTION'S PROPOSED JURY INSTRUCTION NO. 7
### (The Collection's Damages)

If you decide that The Collection's claim is covered under its insurance policy with Defendant Intrepid Insurance, you must also decide how much money will reasonably compensate The Collection for the loss caused by Intrepid Insurance's breach. This compensation is called "damages." If, however, you find for Intrepid Insurance on The Collection's claims, you will not need to consider the matter of damages.

In this case, The Collection seeks recovery of damages totaling $267,948.30 for the fifteen vehicles delivered by The Collection to Scott Newcomb Motors in 2009. This amount includes The Collection's loss of $137,500 in connection with the five vehicles that were never recovered by The Collection, and The Collection's loss of $130,448.30 in expenses it incurred to recover the remaining ten vehicles from Valley Bank.

The Collection claims it is entitled to recovery of the entirety of its losses for two reasons. First, The Collection claims that it can seek damages for all losses suffered as a result of Newcomb Motors' actions because such losses are covered under the "deception" provision of the insurance policy and should have been paid by Intrepid Insurance upon receipt of The Collection's insurance claim. Second, The Collection claims it should recover as damages the monies The Collection spent to recuperate the ten vehicles improperly repossessed by Valley Bank because those vehicles are subject to coverage under the policy and Intrepid Insurance would have been liable for their loss if The Collection had not undertaken proactive measures to get them back.

In considering the issue of The Collection's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full,

just and reasonable compensation for all of The Collection's damages, based on the language of the insurance policy, no more and no less. The damages sought by The Collection are subject to the terms, limits, duties, conditions, deductibles, and exclusions set forth in the insurance policy. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize or punish Intrepid Insurance. Also, compensatory damages must not be based on speculation, assumption or guesswork, because only actual damages proven are recoverable.

Authority: *Eller Company, Inc. v. Galapagos Line, S.A.*, 493 So. 2d 1061 (Fla. 3d DCA 1986); 12 Couch on Ins. § 178:10 Generally; Common Law and Contractual Bases of Mitigation.

## PROPOSED JURY INSTRUCTION NO. 8
### (Duty to Deliberate When Only the Plaintiff Claims Damages)

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges— judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority: Eleventh Circuit Pattern Jury Instructions, Civil Cases, Basic Instruction 3.8.1, Duty to Deliberate When Only the Plaintiff Claims Damages (2013 ed.)

Case No. 13-CV-22841-GRAHAM/SIMONTON

## <u>PROPOSED JURY INSTRUCTION NO. 9</u>
### (Election of Foreperson Explanation of Verdict Form[s])

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible— either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

<u>Authority</u>: Eleventh Circuit Pattern Jury Instructions, Civil Cases, Basic Instruction 3.9, Election of Foreperson Explanation of Verdict Form[s] (2013 ed.)