**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 13-CV-22841-GRAHAM/SIMONTON**

_____/

THE COLLECTION, LLC,

      Plaintiff,

vs.

INTREPID INSURANCE CO.,

      Defendant.

_____/

**DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED SUPPLEMENTAL JURY**
**INSTRUCTIONS ONE AND TWO**

      Defendant, INTREPID INSURANCE CO. ("Defendant"), through undersigned counsel, hereby objects to Plaintiff's proposed Supplemental Jury Instructions Numbered One and Two, (D.E. 115) which seeks to allow the jury to draw a negative inference from the assertion of the Fifth Amendment right against self-incrimination by the witness Mr. Newcomb during his deposition in this action. Contrary to Plaintiff's assertions, a permissive inference may not be drawn as to the intent of Mr. Newcomb when Mr. Newcomb during his deposition repeatedly invoked his Fifth Amendment right against self-incrimination on the grounds that a truthful answer would tend to incriminate him.

      As an initial matter, Mr. Newcomb improperly invoked the Fifth Amendment right against self-incrimination during his deposition. Florida Statute section 775.15 provides that the Statute of Limitations for the prosecution of a felony committed in the first degree is four (4) years. See Fla. Stat. section 775.15. Additionally, the Statute of Limitations for the prosecution of any other felony is three (3) years. See Fla. Stat. 775.15. In this action, Mr. Newcomb was

deposed on October 9, 2014, well after the Statutes of Limitations for the crimes he allegedly committed which pertain to the claims made in this action had passed. As such, Mr. Newcomb had no legitimate grounds for invoking the Fifth Amendment right against self-incrimination and the jury should not be permitted to draw a negative inference from Mr. Newcomb's assertion of the Fifth Amendment right against self-incrimination during his deposition.

In Coquina Invs. V. TD Bank, N.A., 760 F. 3d 1300 (11th Cir. 2014), the Court determined that four non-exclusive factors should be considered by the court in determining whether a jury should be permitted to draw a negative inference from a witness's assertion of the Fifth Amendment right against self-incrimination – (1) the nature of the relevant relationships of the parties; (2) the degree of control of the party over the non-party witness; (3) the compatibility of the interests of the party and non-party witness in the outcome of the litigation; and (4) the role of the non-party witness in the litigation. Id. "The overarching concern that should guide the admissibility inquiry is whether the adverse inference is trustworthy under all of the circumstances and will advance the search for the truth". Id.

In this action, it is undisputed that Defendant at no time had any relationship whatsoever with Mr. Newcomb. Moreover, it is undisputed that Defendant at no time exercised any degree of control over Mr. Newcomb. In addition, as this is a dispute between Defendant Intrepid Insurance Co. and its insured, The Collection, LLC, and not Mr. Newcomb, Mr. Newcomb has no viable interest in the outcome of this litigation. As Mr. Newcomb has no interest in the outcome of this litigation, there is no issue regarding the compatibility of the interests of Defendant and Mr. Newcomb in the outcome of this action. In addition, while Mr. Newcomb is a vital witness, his role is limited to just that, to wit: as a witness and not an interested party.

Accordingly, Defendant hereby objects to Plaintiff's Proposed Supplemental Jury

Instructions Numbered One and Two and, as a matter of law, the jury should not be permitted to draw a negative inference from Mr. Newcomb's assertion of the Fifth Amendment right against self-incrimination during his deposition.

Respectfully submitted,

*/s/ GARY GORDAY*
GARY GORDAY, ESQ.
FBN: 293415
MICHAEL B. BUCKLEY, ESQ.
FBN:  365734

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent via e-mails on this 16th, day of October, 2014, to:  Coffey Burlington, P.L. at pschwiep@coffeyburlington.com; yvb@coffeyburlington.com; service@coffeeburlington.com; ehandelson@coffeyburlington.com; and Marks & West, P.A. at emarks@marksandwest.com; dtriana@marksandwest.com.

Respectfully submitted,

*/s/ Gary Gorday*
_____
GARY GORDAY, ESQ.
FBN: 293415
MICHAEL B. BUCKLEY, ESQ.
FBN:  365734
BUCKLEY LAW GROUP, P.A.
15476 NW 77TH Court, #183
Miami, FL  33016
T:      305-822-8280
F:      305-822-8481
Primary :     ggorday@buckleylawgroup.com
              mgorday@buckleylawgroup.com
Secondary:    mbuckley@buckleylawgroup.com
              hdalmanieres@buckleylawgroup.com