UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CV-22841-GRAHAM/SIMONTON

THE COLLECTION, LLC,

    Plaintiff,

vs.

INTREPID INSURANCE CO.,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS ONE AND TWO**

This is Plaintiff, The Collection, LLC's ("The Collection") Response to Defendant Intrepid Insurance Co.'s ("Intrepid") Objections to Plaintiff's Proposed Supplemental Jury Instructions One and Two. (DE 118.)

**INTRODUCTION**

First, as to proposed Supplemental Instruction One, Intrepid offers no argument whatsoever in support of its objection. The Court's September 9, 2014 Order concluded that a jury must find Newcomb acted with criminal intent to steal. (DE 105, at 5.) Supplemental Instruction One merely assists the jury in assessing the evidence that will bear on criminal intent under Florida's bad check and theft statutes, which are relevant given the facts and the Court's ruling.

Second, Intrepid's attempt to preclude a jury instruction on the inferences that may be drawn from a non-party's assertion of his Fifth Amendment privilege against self-incrimination should be overruled because (1) contrary to what Intrepid contends

Scott Newcomb properly invoked his Fifth Amendment rights given that the Statute of Limitations was tolled by Newcomb's absence from Florida and therefore there remains a substantial and real risk of incrimination from his testimony in this proceeding, and (2) The Collection seeks an instruction that the jury may draw an adverse interest **against Newcomb**, not against Intrepid, and there is no constitutional bar to the drawing of an inference against a non-party in a civil case.  Meanwhile, to fail to give the instruction highly prejudices The Collection which this Court has concluded must prove intent to steal to trigger coverage.

## **FACTUAL BACKGROUND**

The Collection contends that the losses at issue in this insurance case are a direct result of the criminal actions of non-party Scott Newcomb, who is currently incarcerated in federal prison.  The Collection contends that Newcomb induced The Collection to part with certain vehicles by issuing worthless checks from a bank account that was frozen as a consequence of check kiting and that such conduct falls within the ambit of the deception insurance coverage provided to it by Intrepid.  Had the checks cleared, they would have been paid with fraudulently obtained funds and The Collection would have had to disgorge those funds anyway.  For its part, Intrepid contends that Newcomb lacked the requisite intent to steal from The Collection to trigger insurance.

On October 9, 2014, the parties deposed Scott Newcomb because the Court ordered the deposition to be conducted. (DE 76.)   Where the Court has found that coverage – or the lack thereof – turns on Newcomb's intent, the testimony of Newcomb becomes linchpin. (DE 105.)  At his deposition, Newcomb, represented and under the advice of counsel, took the Fifth Amendment refusing to answer any questions as to his

intent or lack of intent to steal the vehicles or titles to vehicles that The Collection delivered to him. (*See* DE 112, Scott Newcomb Dep. 57:12-16, 59:21-24, 60:1-4, 64:5-8, Oct. 9, 2014, "Newcomb Dep.")  He also refused to answer questions invoking his Fifth Amendment rights regarding the bad checks he delivered to The Collection and the fraud committed against The Collection. (*Id.*) Newcomb's blanket assertion of his right against self-incrimination effectively deprived The Collection from direct discovery on this critical issue.

On October 15, 2014, The Collection filed supplemental jury instructions including a standard jury instruction regarding the inference permissible in a civil case that may be drawn from Newcomb's invocation of his Fifth Amendment right against self-incrimination. (DE 115.)[1]  The Collection's proposed instruction is important to allow the jury to know what it can make of Newcomb's Fifth Amendment privilege invocation given the Court's determination that The Collection must "demonstrate that Scott Newcomb acted with criminal intent to steal the vehicles from The Collection" in order for insurance coverage to be triggered. (DE 68, at 14). The Collection's instruction was modeled after the one given in *Coquina Investments Inc. v. TD Bank*, 760 F.3d 1300, 1309 n.8 (11th Cir. 2014), which was recently affirmed by the Eleventh Circuit.

Intrepid has objected to The Collection's supplemental instruction by making two equally unavailing arguments. First, Intrepid argues that because Newcomb's deposition was supposedly well after the expiration of Florida's Statute of Limitations ("SOL"), he lacks legitimate grounds for invoking the Fifth Amendment and, therefore, an instruction

---

[1] The Collection also seeks an instruction addressing a party's intent to steal under Sections 812.012 and 812.014, Florida Statutes. (DE 115.)

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

on this issue is improper. (DE 118 at 2.)  Second, Intrepid argues that under the factors set out in *Coquina Investments Inc. v. TD Bank*, 760 F.3d 1300, 1309 n.8 (11th Cir. 2014), Intrepid lacks the necessary relationship and control over Newcomb and that Newcomb lacks any interest in the outcome of this litigation, and thus no inference can be drawn against Intrepid. These contentions have no merit.

1. As to Intrepid's argument that Florida's SOL bars Newcomb's Fifth Amendment assertion, Intrepid misstates the law as Florida's SOL has not expired because "[t]he period of limitation does not run during any time when the defendant is continuously absent from the state." § 775.15(5), Fla. Stat. (2008). This provision extends the applicable limitations period by three (3) years and thus Newcomb may potentially remain subject to prosecution in Florida until 2016. As such, he certainly has the ability to assert his right against self-incrimination under these circumstances.

2. As to Intrepid's assertion that the *Coquina* factors preclude an inference against **Intrepid**, this argument is simply nonsensical because any instruction provided by the Court would require an adverse inference by the jury against **Newcomb** as to his intent to steal from The Collection, not against Intrepid.  The *Coquina* factors would apply if The Collection were seeking an inference **against Intrepid**. It is well established that, unlike in a criminal setting, an adverse inference may be drawn against a non-party witness from his Fifth Amendment assertion in a civil action. *See Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 911 (9th Cir. 2008). There is nothing improper about asking the Court to instruct the jury to permit such inference, if the jury finds that Newcomb's assertion is corroborated by independent evidence. *Coquina Investments*, 760 F.3d at 1313.  Meanwhile, The Collection would be severely prejudiced if the jury

were not permitted to hear this testimony and advised what they can – or cannot – make of it.

## ARGUMENT

### A. Scott Newcomb May Assert His Fifth Amendment Right Against Self-Incrimination Because Florida's SOL is Tolled in His Absence and Thus He Remains Subject to Prosecution in this State.

In Florida, the "prosecution for a felony of the first degree must be commenced within 4 years after it is committed" and the "prosecution for any other felony must be commenced within 3 years after it is committed." § 775.15(2)(a)-(b), Fla. Stat. (2008). Prosecutions for misdemeanors have a shorter limitations period. *Id.* "An offense is committed when every element [of the crime] has occurred or… at the time when the course of conduct or the defendant's complicity therein is terminated. Time starts to run on the day after the offense is committed." § 775.15(3). However, "the period of limitation does not run any time when the defendant is continuously absent from the state," extending the period of limitations otherwise applicable by no more than three (3) years. § 775.15(5).

Here, Scott Newcomb's criminal activity, including delivery of fraudulent checks to The Collection, took place in Virginia on or around January 2009. There is no indication that he has visited Florida or was otherwise in Florida after he committed the crimes at issue in this action.  It is undisputed that he was arrested in Georgia, sentenced to federal prison by a Federal Court for the Western District of Virginia, and is serving time in Atlanta. Accordingly, the SOL is tolled. *See King v. State*, 687 So. 2d 917 (Fla. 5th DCA 1997) ("Time period for commencing prosecution was tolled while defendant was incarcerated in out-of-state prison, and thus, defendant's prosecution for

5

[felony] was timely, irrespective of whether state was diligent in its efforts to execute capias."). As such, contrary to Intrepid's argument, Florida's SOL remains open and Newcomb may still be subject to prosecution from his testimony in these proceedings up until at least January 2016.  Under these circumstances, he may properly exercise his Fifth Amendment privilege against self-incrimination as there remains a substantial risk of prosecution in the state. *See Marchelli v. United States*, 390 U.S. 39 (1968); *United States v. Gecas*, 120 F.3d 1419 (11th Cir. 1997) (finding that witness may assert his right against self incrimination where fear of prosecution is "reasonable, real, and appreciable").

   **B. In a Civil Case, A Negative Inference May be Drawn Against a Non-Party Witness From His Invocation of the Fifth Amendment Privilege Against Self-Incrimination and thus a Jury Instruction on this Issue is Appropriate.**

Unlike criminal cases, adverse inferences may be drawn from a defendant's invocation of the privilege against self incrimination in a civil action. *See Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 911 (9th Cir.2008). The "Fifth Amendment 'does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.' " *FDIC v. Fid. & Deposit Co. of Md.*, 45 F.3d 969, 977 (5th Cir. 1995) (quoting *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). The same applies where invocation of the privilege is by a non-party witness in a civil action. *Pyles v. Johnson*, 136 F.3d 986, 997 (5th Cir. 1998); *see also LiButti v. United States*, 107 F.3d 110, 120 (2d Cir. 1997) (Fifth Amendment does not preclude adverse inference against non-party witnesses in a civil action when such witnesses refuse to testify in response to probative evidence offered against them); *Davis v. Mut. Life Ins. Co. N.Y.*, 6 F.3d 367, 384-85 (6th Cir. 1993) (a non-party witness' invocation of

the Fifth Amendment in a civil case gives rise to a legitimate inference that the witness was engaged in criminal activity); *RAD Servs., Inc. v. Aetna Cas. & Sur. Co.*, 808 F.2d 271, 275 (3d Cir. 1986) (evidence of a non-party's refusal to testify may be considered by jury).

A decision not to draw such an adverse inference "poses substantial problems" to a party who has been "deprived of a source of information that might conceivably be determinative in a search for the truth.'" *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000) (quoting *SEC v. Graystone Nash, Inc.*, 25 F.3d 187, 190 (3d Cir. 1994) (noting that "a party's invocation of the privilege may be proper, but it does not take place in a vacuum: the rights of the other litigant are entitled to consideration as well.").

In the present case, Scott Newcomb's assertion of the Fifth Amendment clearly permits an adverse inference instruction. *Baxter v. Palmigiano*, 425 U.S. 308, 335 (1976) (Brennan, J., concurring in part and dissenting in part) ("In a civil suit involving only private parties, no party brings to the battle the awesome powers of the government, and therefore to permit an adverse inference to be drawn from exercise of the privilege does not implicate the policy considerations underlying the privilege."). Contrary to Intrepid's argument, there is no need to establish the factors discussed in *Coquina Investments*, 760 F.3d 1300, because the instruction does not specifically direct an inference **against Intrepid**. The Collection's sole purpose for seeking a jury instruction regarding what to make of Newcomb's invocation is to alert the jury to the fact that Newcomb repeatedly refused to respond any questions relating to **his intent**, or lack thereof, to steal from The Collection in this action.

The Collection has not sought, and does not by its proposed instruction seek, a jury instruction allowing jurors to infer from Newcomb's invocation of the Fifth Amendment criminal intent to be imputed ***against Intrepid***. That was the issue confronting the court in *Coquina Investments*; it is not the issue here. The proposed instruction is clear on that matter.

Meanwhile, if The Collection's proposed instruction is not given, The Collection will be severely and unduly prejudiced. This Court has ruled that the jury, to determine whether coverage exists, must assess whether Newcomb acted with criminal intent. While a jury could infer intent to steal in the face of Newcomb's protestations to the contrary, his invocation of his Fifth Amendment rights give rise to a permissible inference, and the jury should be so instructed. Otherwise, the jury will be left to wonder as to Newcomb's intent. Presumably, this Court meant to end such mystery by ordering the deposition. The deposition having been conducted, the testimony should be admitted and the jury instructed as to what permissible inferences can be drawn from the witness' invocation of his Fifth Amendment rights.

Accordingly, the circumstances in this case warrant a ruling that a jury instruction on this issue is proper.

        Respectfully submitted,

        COFFEY BURLINGTON, P.L.
        2601 South Bayshore Drive, Penthouse
        Miami, Florida  33133
        Tel:  305-858-2900
        Fax:  305-858-5261


        By:   s/   Paul J. Schwiep
        Paul J. Schwiep, Florida Bar No. 823244

**Primary:** pschwiep@coffeyburlington.com
**Secondary:** yvb@coffeyburlington.com
**Tertiary:** service@coffeyburlington.com

*AND*

Evan R. Marks, Esq.
MARKS & WEST, P.A.
100 Southeast 2nd Street, Suite 2700
Miami, Florida 33131
Telephone: (305) 374-0210
Facsimile: (305) 374-4089
**Primary:** emarks@marksandwest.com
**Secondary:**
mvalladares@marksandwest.com

*Counsel for The Collection, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic notice by the CM/ECF system, this 17th day of October, 2014, on all counsel or parties of record on the Service List below.

s/   Paul J. Schwiep

## SERVICE LIST

| **Michael B. Buckley, Esq.** | **Thomas Gary Gorday, Esq.** |
|---|---|
| MBuckley@BuckleyLawGroup.com | GGorday@BuckleyLawGroup.com |
| BUCKLEY LAW GROUP, P.A. | MGorday@BuckleyLawGroup.com |
| 150 Second Avenue N, Suite 1200 | BUCKLEY LAW GROUP, P.A. |
| St. Petersburg, Florida 33701 | 15476 Northwest 77th Court, Suite 183 |
| Telephone: (727) 822-4800 | Miami Lakes, Florida 33016 |
| Facsimile: (727) 490-3101 | Telephone: (305) 822-8480 |
| | Facsimile: (305) 822-8481 |
| *Counsel for Defendant* | |
| | *Counsel for Defendant* |