UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CV-22841-GRAHAM/SIMONTON


THE COLLECTION, LLC,

      Plaintiff,

vs.

INTREPID INSURANCE CO.,

      Defendant.

_____/

## PLAINTIFF'S SECOND ADDITIONAL JURY INSTRUCTIONS

Plaintiff, The Collection, LLC, by and through undersigned counsel, hereby submits the attached revised Jury Instructions for the Court's consideration to more accurately reflect the pending issues given the Court's orders on cross motions for summary judgment, which allow a defense of lack of timely notice by Intrepid, and to further address the criminal intent issue by way of the standard Mail Fraud instruction.  These instructions are in addition to instructions included in the Joint Proposed Instructions (DE 86)(some revised herein) and Plaintiffs' two Supplemental Instructions submitted recently by Plaintiff (DE 115)(both incorporated in substance herein).

Date:  October 19, 2014

                        Respectfully submitted,

                        COFFEY BURLINGTON, P.L.
                        2601 South Bayshore Drive, Penthouse
                        Miami, Florida  33133
                        Tel:  305-858-2900
                        Fax:  305-858-5261

Case No. 13-CV-22841-GRAHAM/SIMONTON

By:   /s/ Jeffrey B. Crockett
      Jeffrey B. Crockett, Fla. Bar no. 347401
      Paul J. Schwiep, Florida Bar No. 823244
      **Primary:**    pschwiep@coffeyburlington.com
      **Secondary:**   yvb@coffeyburlington.com
      **Tertiary:**    service@coffeyburlington.com

*AND*

      Evan R. Marks, Esq.
      MARKS & WEST, P.A.
      100 Southeast 2nd Street, Suite 2700
      Miami, Florida 33131
      Telephone:  (305) 374-0210
      Facsimile:   (305) 374-4089
      **Primary:**    emarks@marksandwest.com
      **Secondary:**  mvalladares@marksandwest.com

      *Counsel for The Collection, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic notice by the CM/ECF system, this 19th day of October, 2014, on all counsel or parties of record on the Service List below.

      s/   Jeffrey B. Crockett

## SERVICE LIST

| Michael B. Buckley, Esq. | Thomas Gary Gorday, Esq. |
|---|---|
| MBuckley@BuckleyLawGroup.com | GGorday@BuckleyLawGroup.com |
| BUCKLEY LAW GROUP, P.A. | MGorday@BuckleyLawGroup.com |
| 150 Second Avenue N, Suite 1200 | BUCKLEY LAW GROUP, P.A. |
| St. Petersburg, Florida 33701 | 15476 Northwest 77th Court, Suite 183 |
| Telephone: (727) 822-4800 | Miami Lakes, Florida 33016 |
| Facsimile:  (727) 490-3101 | Telephone: (305) 822-8480 |
| | Facsimile:  (305) 822-8481 |
| *Counsel for Defendant* | |
| | *Counsel for Defendant* |

Case No. 13-CV-22841-GRAHAM/SIMONTON

**<u>PROPOSED JURY INSTRUCTION NO. 4</u>**
**(Responsibility for Proof—Plaintiff's Claim[s], Cross Claims, Counterclaims**
**Preponderance of the Evidence)**

In this case it is the responsibility of The Collection to prove every essential part of its claim **and the responsibility of Intrepid Insurance Company to prove every essential part of its defenses** by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that **any particular fact necessary for a a claim or defense** is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of **a claim or defense on which the party has the burden of proof,** by a preponderance of the evidence, you should find for **the other party as to that claim or defense.**

<u>Authority</u>: Eleventh Circuit Pattern Jury Instructions, Civil Cases, Basic Instruction 3.7.1, Responsibility for Proof—Plaintiff's Claim[s], Cross Claims, Counterclaims Preponderance of the Evidence (2013 ed.)

COFFEY │ BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Case No. 13-CV-22841-GRAHAM/SIMONTON

## THE COLLECTION'S PROPOSED JURY INSTRUCTION NO. 5
### (Claims and Defenses)

In this case, The Collection and Intrepid Insurance entered into a written insurance policy for coverage of The Collection's vehicles. An insurance policy is a type of contract. It is undisputed that there is a valid contract in this case under which Plaintiff paid Intrepid Insurance premiums in exchange for coverage under the terms of the policy. In this case, payment of all required premium by The Collection is acknowledged. The dispute in this case arises from a claim during the pertinent policy period by The Collection under Intrepid Insurance's "deception" coverage which was denied by Intrepid Insurance.

The Policy provides that losses to The Collection as a result of "deception" as defined in the Policy are covered by Intrepid Insurance up to a maximum of $250,000 for the relevant policy period. The Collection contends that its loss was covered; Intrepid Insurance denies coverage. The terms of the policy provide for coverage if (1) The Collection was induced by criminal conduct which was part of a "fraudulent scheme, trick, device or false pretense" to voluntarily provide one or more vehicles or titles to vehicles to Scott Newcomb Motors; (2) Scott Newcomb Motors or its owners or operators had criminal intent to steal from The Collection.

As a defense, Intrepid Insurance has claimed that The Collection did not give prompt notice of loss as required by the Policy.

I will now give you the law you are to follow in addressing those issues.

4

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

### PLAINTIFF'S SUPPLEMENTAL INSTRUCTION NO. 1

In order for the "deception" coverage at issue in this case to apply to The Collection's claimed loss, Plaintiff must demonstrate that Scott Newcomb Motors or its principal Scott Newcomb acted with criminal intent to steal vehicles from The Collection .

Florida Statute §812.012 and §812.014 provide that a person commits theft if he or she knowingly obtains or uses the property of another with intent to either temporarily or permanently deprive another of a right to property or a benefit from the property, or to appropriate the property of another to his or her own use or to the use of any person not entitled to the use of the property.   "Obtains or uses" property includes obtaining property by fraud, willful misrepresentation of a future act, or false promise.

Florida Statute §832.05 provides that it is a crime for any person or corporation to draw, make or deliver to another any check or other written order on any bank for the payment of money, including to obtain any property or services, knowing at the time of the drawing, making or delivery of such check or order that the maker or drawer has not sufficient funds on deposit in or credit with its bank with which to pay the same upon presentation  unless the check is post-dated or the recipient knows, has been expressly advised or has reason to believe that there are

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

insufficient funds to ensure payment.

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

## PLAINTIFF'S SUPPLEMENTAL JURY INSTRUCTION NO. 1A

Intent to steal in this case means intent to wrongfully obtain the property of The Collection, including as part of a scheme to defraud by Scott Newcomb or Scott Newcomb Motors.  A scheme to defraud includes any plan or course of action intended to deceive or cheat someone out of money or property using false or fraudulent pretenses, representations or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact, it is made with intent to defraud, and the speaker either knows it is untrue or make sit with reckless indifference to the truth.  It imay also be false or fraudulent if it is made with the intent to defraud and is a half-truth or effectively conceals a material fact.

A material fact is an important fact that a reasonable person would use to decide whether or not to do or not do something.  A fact is material if it has the capacity or natural tendency to influence a person's decision.  It doesn't matter whether the decisionmaker actually relied on the statement or knew or should have known that the statement was false.

To act with intent to defraud means to act knowingly and with the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

*Authority:* **Mail fraud Instruction, Eleventh Circuit Pattern 50.1**

COFFEY │ BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Case No. 13-CV-22841-GRAHAM/SIMONTON

## PLAINTIFF'S SUPPLEMENTAL INSTRUCTION NO. 2

One of the witnesses whose testimony was presented via deposition was Scott Newcomb.  In response to many questions, Newcomb invoked his Fifth Amendment privilege against self-incrimination.  A witness has the constitutional right under the Fifth Amendment to the United States Constitution to decline to answer questions if a truthful answer might tend to incriminate them.

You should not automatically assume that a witness has done something wrong because that witness asserts his or her Fifth Amendment rights.  On the other hand, where a witness has refused to answer questions or testify by invoking his or her Fifth Amendment right, you may, but you need not, draw a negative inference against the witness based on his or her refusal to answer a particular question or to testify. A negative inference means that you can infer from the witness' assertion of his Fifth Amendment privilege that the answer would have been adverse, or harmful, to the witness's interests. You can make that inference only if that inference is warranted by the facts surrounding the case, and there is independent, corroborating evidence for the inference. However, you need not draw such inference.

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Case No. 13-CV-22841-GRAHAM/SIMONTON

## DEFENDANT'S PROPOSED INSTRUCTION NO.5

## INSTRUCTIONS ON DEFENSES

Intrepid Insurance Company has raised the defense that The Collection did not promptly notify the insurer as required by the Policy which caused substantial prejudice to the insurer. Intrepid has the burden of proof on this defense.  The Policy requires that the insured in the event of a loss must

> give [the insurer] prompt notice of the "loss," including a detailed description of the property involved, a description of when, where and how the "loss" occurred and the amount of "loss claimed.  At our request, you must give us complete inventories of the damaged and undamaged property, including quantities, cost and values.

The Collection claims that it did give prompt notice of loss, and also contends that any delay in notice did not cause substantial prejudice to the insurer.

Substantial prejudice to the insurer means a material breach which causes actual and significant harm to the interests of the insurer.   If you find by the preponderance of the evidence that The Collection did not give prompt notice and that the delay caused substantial prejudice to the insurer, you should rule for the insurer on this issue.  If, on the other hand, you find by the preponderance of the evidence that The Collection gave prompt notice to the insurer or that any delay did not cause the insurer any substantial prejudice, you should rule for The Collection on this issue.

**Authority: *Ramos v. Northwestern Mutual Ins. Co.,*** 336 So. 2d 71 (Fla. 1976) (substantial prejudice to rights of insurer required); *State Farm v. Curran,* 135 So. 3d 1071, 1079-80 (Fla. 2014)(insurer has burden of showing prejudice); *Tiedtke v. Fidelity & Cas. Of NY,* 222 SO. 2d 206 (Fla. 1969)(prejudice not present as a matter of law when delay had no consequence).

10

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Case No. 13-CV-22841-GRAHAM/SIMONTON

## THE COLLECTION'S PROPOSED JURY INSTRUCTION NO. 7
### (The Collection's Damages)

If you decide that The Collection's claim is covered under its insurance policy with Defendant Intrepid Insurance, you must also decide how much money will reasonably compensate The Collection for the loss caused by Intrepid Insurance's breach.   This compensation is called "damages."   If, however, you find for Intrepid Insurance on The Collection's claims, you will not need to consider the matter of damages.

In this case, The Collection seeks recovery of damages totaling $250,000.00. This amount includes The Collection's loss of $137,500 in connection with four worthless checks in that amount and $130,448.30 in expenses it incurred to recover certain other vehicles from Valley Bank, subject to the cap on deception coverage of $250.000 per policy period.

In considering the issue of The Collection's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of The Collection's damages, based on the language of the insurance policy, no more and no less. The damages sought by The Collection are subject to the terms, limits, duties, conditions, deductibles, and exclusions set forth in the insurance policy. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize or punish Intrepid Insurance. Also, compensatory damages must not be based on speculation, assumption or guesswork, because only actual damages proven are recoverable.

Authority: *Eller Company, Inc. v. Galapagos Line, S.A.*, 493 So. 2d 1061 (Fla. 3d DCA 1986); 12 Couch on Ins. § 178:10 Generally; Common Law and Contractual Bases of Mitigation.

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261