UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 13-22841-CIV-GRAHAM/SIMONTON

THE COLLECTION, LLC,

    Plaintiff,

vs.

INTREPID INSURANCE CO.,

    Defendant.
_____/

## JURY INSTRUCTIONS

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

    It's my duty to instruct you on the rules of law that you must use in deciding this case.

    When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

- 2 -

## Duty To Follow Instructions

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## Consideration of Evidence

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

- 4 -

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness' testimony differ from other testimony or other evidence?

- 5 -

## Impeachment of Witnesses

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

- 6 -

**Responsibility for Proof**
**Plaintiff's Claims, and Defendant's Defenses**
**Preponderance of the Evidence**

In this case it is the responsibility of The Collection to prove every essential part of its claim and the responsibility of Intrepid Insurance Company to prove every essential part of its defenses by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that any particular fact necessary for a claim or defense is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or defense on which the party has the burden of proof, by a preponderance of the evidence, you should find for the other party as to that claim or defense.

## The Collection's Claims

In this case, The Collection and Intrepid Insurance entered into a written insurance policy for coverage of The Collection's vehicles. An insurance policy is a type of contract. It is undisputed that there is a valid contract in this case under which Plaintiff paid Intrepid Insurance premiums in exchange for coverage under the terms of the policy. In this case, payment of all required premium by The Collection is acknowledged. The dispute in this case arises from a claim during the pertinent policy period by The Collection under Intrepid Insurance's "deception" coverage which was denied by Intrepid Insurance.

The Policy provides that losses to The Collection as a result of "deception" as defined in the Policy are covered by Intrepid Insurance up to a maximum of $250,000 for the relevant policy period. The Collection contends that its loss was covered; Intrepid Insurance denies coverage. The terms of the policy provide for coverage if (1) The Collection was induced by criminal conduct which was part of a "fraudulent scheme, trick, device or false pretense" to voluntarily provide one or more vehicles or titles to vehicles to Scott Newcomb Motors; (2) Scott Newcomb Motors or its owners or operators had criminal intent to steal from The Collection.

I will now give you the law you are to follow in addressing those issues.

In order for the "deception" coverage at issue in this case to apply to The Collection's claimed loss, Plaintiff must demonstrate that Scott Newcomb Motors or its principal Scott Newcomb acted with criminal intent to steal vehicles from The Collection .

Florida Statute §812.012 and §812.014 provide that a person commits theft if he or she knowingly obtains or uses the property of another with intent to either temporarily or permanently deprive another of a right to property or a benefit from the property, or to appropriate the property of another to his or her own use or to the use of any person not entitled to the use of the property. "Obtains or uses" property includes obtaining property by fraud, willful misrepresentation of a future act, or false promise.

Florida Statute §832.05 provides that it is a crime for any person or corporation to draw, make or deliver to another any check or other written order on any bank for the payment of money, including to obtain any property or services, knowing at the time of the drawing, making or delivery of such check or order that the maker or drawer has not sufficient funds on deposit in or credit with its bank with which to pay the same upon presentation unless the check is post-dated or the recipient knows, has been expressly advised or has reason to believe that there are insufficient funds to ensure payment.

- 9 -

Intent to steal in this case means intent to wrongfully obtain the property of The Collection, including as part of a scheme to defraud by Scott Newcomb or Scott Newcomb Motors. A scheme to defraud includes any plan or course of action intended to deceive or cheat someone out of money or property using false or fraudulent pretenses, representations or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact, it is made with intent to defraud, and the speaker either knows it is untrue or makes it with reckless indifference to the truth. It may also be false or fraudulent if it is made with the intent to defraud and is a half-truth or effectively conceals a material fact.

A material fact is an important fact that a reasonable person would use to decide whether or not to do or not do something. A fact is material if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with intent to defraud means to act knowingly and with the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

## **Assertion of Fifth Amendment**

One of the witnesses whose testimony was presented via deposition was Scott Newcomb. In response to many questions, Newcomb invoked his Fifth Amendment privilege against self-incrimination. A witness has the constitutional right under the Fifth Amendment to the United States Constitution to decline to answer questions if a truthful answer might tend to incriminate them.

You should not automatically assume that a witness has done something wrong because that witness asserts his or her Fifth Amendment rights. On the other hand, where a witness has refused to answer questions or testify by invoking his or her Fifth Amendment right, you may, but you need not, draw a negative inference against the witness based on his or her refusal to answer a particular question or to testify. A negative inference means that you can infer from the witness' assertion of his Fifth Amendment privilege that the answer would have been adverse, or harmful, to the witness's interests. You can make that inference only if that inference is warranted by the facts surrounding the case, and there is independent, corroborating evidence for the inference. However, you need not draw such inference.

## Breach of Insurance Policy

The provisions of an insurance policy should be construed as any other type of contract. The entire contract should be reviewed to ensure the proper interpretation of any single provision of the policy. The parties to an insurance contract are free to allocate responsibility for certain risks and an insurer may provide coverage for some risks and exclude others.

The rights and responsibilities of the insurer and the insured are set out in the policy as well as any of the policy's declarations, modifications or endorsements. If you find that the language of policy is plain and unambiguous, its terms must be implemented in accordance to the plain and ordinary meaning of policy's language.

However, if you find that the language at issue is not plain and clear, and rather it is ambiguous and can be subject to more than one interpretation, then you must interpret the policy liberally in favor of The Collection and against Intrepid Insurance. If you find that one interpretation of the policy results in coverage and another reasonable interpretation of the policy results in exclusion, you must adopt the interpretation of the policy that affords The Collection coverage for its losses. This is because the law in Florida requires that an ambiguous insurance policy be strictly construed against the insurer and in favor of the insured, here, The Collection. Where the phrasing of the policy is so confusing that an average person cannot make out the boundaries of the policy, then the policy is ambiguous and must be construed in favor of its purpose.

## The Collection's Damages

If you decide that The Collection's claim is covered under its insurance policy with Defendant Intrepid Insurance, you must also decide how much money will reasonably compensate The Collection for the loss caused by Intrepid Insurance's breach. This compensation is called "damages." If, however, you find for Intrepid Insurance on The Collection's claims, you will not need to consider the matter of damages.

In this case, The Collection seeks recovery of damages totaling $250,000.00. This amount includes The Collection's loss of $137,500 in connection with four worthless checks in that amount and $130,448.30 in expenses it incurred to recover certain other vehicles from Valley Bank, subject to the cap on deception coverage of $250,000 per policy period.

In considering the issue of The Collection's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of The Collection's damages, based on the language of the insurance policy, no more and no less. The damages sought by The Collection are subject to the terms, limits, duties, conditions, deductibles, and exclusions set forth in the insurance policy. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize or punish Intrepid Insurance. Also, compensatory damages must not be based on speculation, assumption or guesswork, because only actual damages proven are recoverable.

- 13 -

## Duty to Deliberate

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Election of Foreperson & Explanation of Verdict Form

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible - either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.