UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CV-22841-GRAHAM/SIMONTON

THE COLLECTION, LLC,

    Plaintiff,

vs.

INTREPID INSURANCE CO.,

    Defendant.
_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR NEW TRIAL**

Plaintiff The Collection, LLC ("The Collection") hereby files this Response in Opposition to Defendant, Intrepid Insurance Co.'s ("Intrepid" or "Insurer") Motion for New Trial. (DE 146.) The Motion should be denied in its entirety as the jury verdict in this case was consistent with and amply supported by the evidence in this case, and Intrepid's claims of error are incorrect.

**I.    Factual Background**

This case was presented to the jury over a four day trial focused primarily on the issue of the intent of Scott Newcomb, who was the owner and operator of Newcomb Motors. This Court had ruled in advance on the parties' cross summary judgment motions that the issue of Newcomb's intent was *the* critical issue to assess Intrepid's liability under the applicable insurance Policy. (DE 105, at 4-5.) The Court's ruling in this regard essentially adopted the position advocated by the Insurer (*see* DE 70), and the jury was so instructed without objection from the Insurer. (*See* DE 138, at 8: "In order for

the 'deception' coverage at issue to apply to The Collection's claimed loss, Plaintiff must demonstrate that Scott Newcomb Motors or its principal Scott Newcomb acted with criminal intent to steal from The Collection.").

Here, quite apart from Newcomb's deposition testimony, substantial circumstantial evidence was presented of Newcomb's criminal intent. This evidence included evidence regarding bad checks written to The Collection, federal bank fraud, misrepresentations to The Collection regarding Newcomb's intent, and Newcomb's misrepresentations to others, including Newcomb's bank. In addition, direct evidence of intent was appropriately presented in the form of Newcomb's invocation of his Fifth Amendment privilege against self-incrimination when asked directly about his intent to steal from The Collection.[1]

Now, in its Motion for a new trial, Defendant argues, once again, that Newcomb's Fifth Amendment invocation should not have been presented to the jury. (Mot. at 2.) In addition, Defendant argues that this case should never have been presented to the jury at all. (*Id.* at 6.) The first argument should be rejected on the same grounds the Court rejected it when initially presented. Precedent from the Eleventh Circuit and elsewhere permits an adverse inference here. The second argument should be rejected as it has been waived and is unavailing in any event.

Preliminarily, it bears noting that Intrepid raises no issue whatsoever with any of the Court's jury instructions. Nor does Intrepid assert that the jury's verdict in this case

---

[1] Intrepid's citation to Newcomb's testimony regarding his overall gestalt ("I never intentionally took anything," Newcomb dep. at 43:15-22) is irrelevant because (1) Newcomb refused to answer specific questions about his dealings with The Collection, *id.* at 43:23-44:3 & 45-64, and, (2) the jury was free to discredit Newcomb's general denial of bad intent regardless.

(that Scott Newcomb acted with criminal intent to steal from The Collection) was not in accord with the weight of the evidence.

Indeed, the jury's decision was supported by evidence introduced at trial including: (1) Newcomb's false statements to The Collection with respect to the ongoing success of his business; (2) Newcomb's federal charge and conviction for bank fraud based in large part on the creation of fictitious invoices from The Collection presented to his bank in order to fraudulently obtain loan proceeds exceeding $1 million, which his insolvent business could never repay; (3) Newcomb's submission of worthless checks to The Collection for payment of vehicles at a time when his bank account was overdrawn, "on hold," and where he had no ability to repay legitimately his overdrawn account; (4) Newcomb's subsequent false statements to The Collection; (4) the statement from the federal prosecutor to the Virginia Federal District Court based on the federal investigation that Newcomb had "stolen" cars from The Collection; and (6) the Western District of Virginia's Court finding that The Collection was a "victim" under the federal Victim and Witness Protection Act, 18 U.S.C. § 3663 as a "direct and proximate" consequence of Newcomb's conduct.

In addition to this overwhelming evidence, the jury properly heard Newcomb's invocation of the Fifth Amendment privilege against self-incrimination in response to direct questions at his videotaped deposition regarding his intent to steal from The Collection, including his knowledge that the checks he gave The Collection were worthless. (*See* DE 112-1, at 59, 55.)

## II. ARGUMENT

In its motion, Intrepid makes two arguments. First, Intrepid argues that the Court committed reversible error in allowing Plaintiff's designations of the testimony of Scott Newcomb, in which Newcomb asserted his privilege under the Fifth Amendment to avoid self-incriminating answers, to be heard by the jury. Second, Intrepid argues that a jury should not have been impaneled to rule on the case at all. The arguments lack merit.

### A. Standard of Review.

When ruling on a motion for a new trial, the court must determine "if in [its] opinion, 'the verdict is against the clear weight of the evidence ... or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" *Ins. Co. of N. America v. Valente,* 933 F.2d 921, 922-23 (11th Cir.1991) (quoting *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir.1984)). "[T]o assure that the judge does not simply substitute his judgment for that of the jury ... we have noted that new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great-not merely the greater-weight of the evidence." *Valente, supra,* at 923 (quoting *Hewitt,* 732 F.2d at 1554). The judge must protect against manifest injustice in the jury's verdict, but it is not the judge's role to assess credibility where conflicting testimony has been presented during the trial. *Id.* at 1558-59. Instead, the judge must defer to the jury on the weight to be given to each witness's testimony. *Id.* Furthermore, in order to merit a new trial, any error in evidentiary rulings "must have affected 'substantial rights.'" *Haygood v. Auto–Owners Ins. Co.,* 995 F.2d 1512, 1514–15 (11th Cir.1993) (quoting Fed.R.Evid. 103(a)).

B.    **Evidence of Newcomb's Assertion of the Fifth Amendment.**

Notably, Intrepid, not Plaintiff, pursued the deposition of Scott Newcomb (*see* DE 25, Defendant's Motion to Depose a Federal Prisoner), and designated portions of his testimony after the deposition was concluded. (DE 117, Defendant's Designations as to Deposition of Scott Newcomb.) Intrepid also advised the jury at *voir dire* (with Plaintiff's agreement) that Newcomb's assertion of the Fifth Amendment would be presented before the jury as evidence. Defendant's introduction of portions of Newcomb's testimony may be deemed a waiver of its objection. *Cf. Rojas v. Richardson,* 703 F.2d 186, 189 (5th Cir. 1979).

Assuming *arguendo* that the issue was preserved by Defendant, the Court's ruling allowing Newcomb's testimony was in accordance with the recent Eleventh Circuit decision in *Coquina Inv. v. TD Bank, NA,* 760 F. 3d 1300, 1310-11 (11th Cir. 2014), which also provided the Court with the jury instruction given in this case to guide the jury's consideration (without objection by Intrepid). The Eleventh Circuit's *Coquina* case clearly grants to this Court discretion to permit the inference. Ironically, *Coquina* is based on the same Second Circuit case relied upon in the one case cited in the Insurer's new trial motion, *Kontos v. Kontos,* 968 F.Supp. 400 (S.D. Ind. 1997). Intrepid's arguments are off the mark because Plaintiff never argued any adverse inference **against Intrepid** from Newcomb's testimony; instead, as the Court's jury instruction made very clear, the only inference that the jury may have drawn was **against Newcomb**, the individual asserting a Fifth Amendment privilege. (DE 138, at 10: "[W]here a witness has refused to answer questions or testify by invoking his or her

Fifth Amendment right, you may, but you need not, draw a negative inference *against the witness*.")(emphasis added).

Cases uniformly allow a fact-finder in a civil context to draw a negative inference from the assertion of Fifth Amendment privilege against the person who has said, in essence, that a truthful answer would tend to incriminate him. *E.g., Baxter v. Palmigiano,* 425 U.S. 308, 319 (1976) (prevailing rule allows adverse inferences to be drawn against parties to civil actions who assert the privilege); *Cerro Gordo Charity v. Fireman's Fund American Life Ins. Co., et al.,* 819 F.2d 1471 (8th Cir. 1987).  The *Cerro Gordo* decision is particularly relevant since a non-party witness' Fifth Amendment invocation found appropriately admitted in that cast precisely because the witness' intent was relevant, just as in the present case, to establishing coverage under an insurance policy.

The issue in this case under the Court's rulings was the presence or absence of criminal intent in Scott Newcomb, and his deposition directly addressed that relevant issue. The Court did not abuse its discretion in allowing the evidence before the jury under the legal guidance of the *Coquina* case.[2]

C.  **Jury Trial was Properly Held and Any Objection Was Waived Long Ago.**

In its initial pleading in this case, Plaintiff demanded a jury trial. (DE 9 at 3).[3] While Intrepid once suggested that the jury on its declaratory claims should only be

---

[2]  Intrepid also asserts that Newcomb waived the Fifth Amendment privilege by answering some questions at his deposition.  However, Intrepid never moved to compel answers nor did it previously suggest the privilege invocation was improper.  This argument has been waived.
[3] The Collection's Counterclaim became the guiding complaint when the parties were realigned by Court order.

advisory (Ans., DE 12 at 5), the Court dismissed the declaratory judgment claim as duplicative and unnecessary, (DE 18), thus mooting Intrepid's argument. Intrepid did not again suggest (until now) that the Court should be the fact-finder as to *any* issues; it did not move to strike Plaintiff's jury demand.

To the contrary, in the parties' Scheduling Stipulation, entered in response to an Order from the Court that the parties specify whether the trial was jury or non-jury (DE 14 at 2 ¶6), the parties jointly recited: "The Collection has requested a jury trial on all issues so triable." (DE 16 at 3.) Intrepid did not disagree with this position or suggest a different procedure was required. Again, no motion to strike jury demand or other objection was ever filed by Intrepid. Further, any request for non-jury trial was abandoned (at the latest) by Intrepid at trial, where no request was made of the Court to rule on any issues. Plainly, a new trial cannot be granted on an issue waived by Intrepid here. *Richardson v. Bombadier,* 2005 WL 3087864 *7(M.D. Fla. 2005)("[T]he moving party may not raise objection to alleged errors for the first time in a motion for new trial").

In any case, while the issue was not raised before, Plaintiff was entitled to a jury trial on the factual issue of Newcomb's intent under the United States Constitution and the Rules of Civil Procedure. *Dairy Queen Inc v. Wood,* 360 U.S. 469 (1962); *Beacon Theatres Inc. v. Westover,* 359 U.S. 500 (1959); *In re Atlas Roofing Corp. Prods. Liability Litig.,* ___ F.Supp. 2d ___, Case No. 13-2495, 2014 WL 1908735 (N.D. Ga. May 12, 2014). In *In re Atlas Roofing*, the court explained that framing a claim as one for declaratory judgment does not abridge a party's right to a jury trial if one would have been available otherwise: "A litigant is not necessarily deprived of a jury trial merely

because it is a party to a declaratory judgment action … if there would have been a right to a jury trial on the issue had it arisen in an action other than one for declaratory judgment, ***then there is a right to jury trial in the declaratory judgment action***." *Id.* at 6 (quoting *Northgate Homes, Inc. v. City of Dayton*, 126 F.3d 1095, 1098-99 (8th Cir. 1997)) (emphasis added). The Insurer's argument is simply not well-taken.

D. **The Alleged Errors Are Harmless.**

Even if the Court were to consider possible error, Intrepid cannot establish either that there was a miscarriage of justice or that the issue prejudiced its substantial rights. The record of Newcomb's criminal intent was overwhelming, and in all likelihood the jury would have reached the same result in the absence of Newcomb's deposition. The verdict in this case was in accordance with the law, the facts, the Policy, and justice, and therefore there is no reason for this Court to reject it.

WHEREFORE, Intrepid's motion for new trial should be denied.

    Respectfully submitted,

    COFFEY BURLINGTON, P.L.
    2601 South Bayshore Drive, Penthouse
    Miami, Florida 33133
    Tel: 305-858-2900
    Fax: 305-858-5261

    By: s/ Paul J. Schwiep
    Paul J. Schwiep, Florida Bar No. 823244
    Jeffrey B Crockett Florida Bar No. 347401
    **Primary:** pschwiep@coffeyburlington.com
    **Secondary:** yvb@coffeyburlington.com
    **Tertiary:** service@coffeyburlington.com

    *AND*

        Evan R. Marks, Esq.
        MARKS & WEST, P.A.
        100 Southeast 2nd Street, Suite 2700
        Miami, Florida 33131
        Telephone: (305) 374-0210
        Facsimile: (305) 374-4089
        **Primary:** emarks@marksandwest.com
        **Secondary:** mvalladares@marksandwest.com

*Counsel for The Collection, LLC*

## CERTIFICATE OF CONFERENCE AND SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic notice by the CM/ECF system, this 11th day of December 2014, on all counsel or parties of record on the Service List below.


        s/ Paul J. Schwiep


## SERVICE LIST

| **Michael B. Buckley, Esq.**<br>MBuckley@BuckleyLawGroup.com<br>BUCKLEY LAW GROUP, P.A.<br>150 Second Avenue N, Suite 1200<br>St. Petersburg, Florida 33701<br>Telephone: (727) 822-4800<br>Facsimile: (727) 490-3101<br><br>*Counsel for Defendant* | **Thomas Gary Gorday, Esq.**<br>GGorday@BuckleyLawGroup.com<br>MGorday@BuckleyLawGroup.com<br>BUCKLEY LAW GROUP, P.A.<br>15476 Northwest 77th Court, Suite 183<br>Miami Lakes, Florida 33016<br>Telephone: (305) 822-8480<br>Facsimile: (305) 822-8481<br><br>*Counsel for Defendant* |
|---|---|

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261