UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

THE COLLECTION, LLC,
    Plaintiff,

CASE NO. 13-CV-22841-
GRAHAM/SIMONTON

vs.

INTREPID INSURANCE CO.,
    Defendant.
_____/

**DEFENDANT'S REPLY BRIEF IN FURTHER
SUPPORT OF ITS MOTION FOR NEW TRIAL**

In accordance with Rule 7.1(c) of the LOCAL RULES OF THE SOUTHERN DISTRICT OF FLORIDA, the defendant, Intrepid Insurance Company, files this Reply Brief, which will only address new matters brought up in the plaintiff's memorandum in opposition, as required by the rule.

First, with respect to the adverse inference instruction, the defendant's arguments have not been waived. In addition to the argument at the charge conference in which the defense counsel argued against the instruction, the defendant filed a formal pleading in which it specifically objected to the proposed adverse inference charge – almost as soon as the plaintiff filed its request for that instruction. *See* D.E. 118, "Defendant's Response/Reply to Proposed Jury Instructions One and Two." Next, it is particularly telling that the plaintiff has not substantively addressed, in its opposition, the defendant's argument that Newcomb waived his Fifth Amendment privilege – *e.g., In re Cotillion Invs., Inc*., 343 B.R. 344, 354, 2006 Bankr. LEXIS 974, 21, 46 (Bankr. S.D. Fla. 2006); *United States. v. Gwinn*, 2003 U.S. Dist. LEXIS

16090, 2003 WL 23357667 (M.D. Fla. 2003) – and that the adverse inference instruction was erroneous for that reason alone.[1]

Second, it is irrelevant to contend, as does the plaintiff in their opposition to the instant motion, that the inference was against the interests of the *witness*, Newcomb, not the interests of the *defendant*, Intrepid. This is a meaningless, essentially illusory argument because of the *identity of interests as between the witness and the defendant* on the only real issue in the case, *i.e.*, whether Newcomb had intended to steal the subject vehicles when he issued the down-payment checks which enabled him to initially obtain possession of them. The interests of Newcomb and Intrepid were one and the same. Drawing an adverse inference against the witness was fatal, necessarily, to the interest of Intrepid.

Finally, the plaintiff misunderstands the heart of the defendant's argument. It's not so much that nothing could have been put to a jury in this case, although it always has been a purely equitable case with no *bona fide* legal issues invoked by the plaintiff's counter claims. The defendant maintained all along that the specific issue as to Newcomb's intent could have been resolved by an advisory jury even within the context of an equitable declaratory judgment action.[2] If the adverse inference instruction as to Newcomb was itself not sufficiently prejudicial, what surely deprived the defendant of fair trial was the compounding error of putting this case to the jury in plenary fashion with the adverse inference instruction *and* an instruction

---

[1] Plaintiff merely makes a brief reference to defendant's argument that Newcomb waived the privilege in a one-sentence footnote containing no citations, which can barely be said to be a substantive response to this significant issue. *See* Defendant's Memorandum in Opposition (D.E. 151) at 2, n.1.

[2] In the defendant's answer to the plaintiff's counterclaim, defendant also specifically responded to the plaintiff's demand for a jury trial on all issues and stated:

> This case presents a proper declaratory judgment action . . .. It calls upon the court to fashion an equitable decree. The only appropriate way for a jury to be involved is if the court were to empanel an advisory jury to resolve any factual issues embedded within the main coverage issue. The filing of a counterclaim does not change this . . ..

[2]

that contained common law rules of construction which permitted the jury to – practically instructed them to – construe the policy against the insurer.  The latter instruction (*see* D.E. 138 "Breach of Insurance Policy" instruction) was itself erroneous[3] since it is simply not the province of the jury to construe the contract, especially where there was no judicial declaration that the policy was ambiguous, and even if there was, as explained in the defendant's motion and supporting memorandum, it is still the obligation of the court, first, to judicially construe it, if at all possible, on the evidence.[4]  The compounding effect of these instructions and just generally leaving all issues to the jury to consider – rather than just Newcomb's intent – was substantially prejudicial to defendant and deprived it of the opportunity for a fair trial.

The plaintiff does not address these arguments in its memorandum.  It merely says, most generally, that a jury trial may be appropriate in a declaratory judgment action.  *See* D.E. 151 at 8.  Defendant agrees, as set forth from the beginning in its answer, that a jury can be empanelled in a declaratory judgment action – if it is done properly, to resolve specific factual issues, which was not the case here.

Also, it is quite telling that the plaintiff has not addressed the defendant's argument that if the court were to give any instruction at all as to construing an ambiguous contract against the drafter, there is a *standard instruction* on that matter, which was not given here.  The standard reads as follows:

---

[3]  Nor is this issue waived.  Defendant objected to this instruction containing these common law rules of construction and submitted its own instruction which simply tracked the language of the insurance coverage provisions.  See Intrepid's submitted instruction at D.E. 86, pp. 16-7.

[4]  "It is well-settled that the construction of an insurance policy is a question of law for the court." *Volker Stevin Construction Co. v. Seaboard Surety* Corp., 673 F.Supp. 1563 (S.D. Fla. 1987).   [I]t is within the province of the trial judge – not the jury – to resolve ambiguities as a matter of law." *Id*. at 1564.  *See also Lawyers Title Ins. Corp. v. JDC (America) Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995); *McGuire v. Southern Homes of Palm Beach LLC*, 591 F.Supp. 1263, 1267 (S.D. Fla. 2008)("[the] court must determine whether the terms of a contract are susceptible to an interpretation as a matter of law.").

> 416.20 INTERPRETATION — CONSTRUCTION AGAINST DRAFTER
>
> You must first attempt to determine the meaning of the ambiguous term(s) in the contract from the evidence presented and the previous instructions. If you cannot do so, only then should you consider which party drafted the disputed term(s) in the contract and then construe the language against that party.

*See In re Std. Jury Instructions-Contract & Bus. Cases*, 116 So. 3d 284, 318 (Fla. 2013). Absent compelling reason, the court should always give the standard, which ar presumed to be correct statements of the law. *Cliff Berry, Inc. v. State*, 116 So. 3d 394 (Fla. 3d DCA 2012). Even a quick perusal of the standard instruction shows that it is far more generic, benign and neutral in nature, and, thus, far less prejudicial to the defendant, than what was given to the jury herein – and that *assumes* that it would have even been proper to give any such instruction to the jury, absent guidance on what it was that the court deemed to be ambiguous. In this regard, it is particularly instructive to take note that the Jury Instruction Committee strongly opined that even this standard instruction is only to be given to the jury when the trial judge has declared a particular provision to be ambiguous,[5] which of course, did not happen here.

In conclusion, the plaintiff's memorandum in opposition side-steps the substantive issues raised by the instant motion, and instead relies basically upon generic concepts of sufficiency of the overall evidence[6] and harmlessness of the claimed error. But that cannot carry the day for them here, where the error goes to the primary substantive jury instructions on the issues. "In

---

[5] "The Committee strongly recommends the use of this instruction in connection with a verdict form that clarifies, by special interrogatory, what the term or phrase is that the court has declared to be ambiguous." *In re Std. Jury Instructions-Contract & Bus. Cases*, 116 So. 3d 284, 318-19 (Fla. 2013).

[6] A new trial should be granted not just when the verdict is against the clear weight of the evidence, but also where the court finds that it "will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (1984) (citations omitted); *see also Ames v. Provident Life & Accident Ins. Co.*, 942 F. Supp. 551, 555 (S.D. Fla. 1994). Unlike motions for JNOV, "motions for a new trial are committed to the discretion of the district court." *McDonough Power Equipment v. Greenwood,* 464 U.S. 548, 556, 78 L. Ed. 2d 663, 104 S. Ct. 845 (1984); *Hessen v. Jaguar Cars,* 915 F.2d 641, 644 (11th Cir. 1990).

order to merit reversal as plain error, [a party] must establish that the challenged instruction was an incorrect statement of the law and that it was probably responsible for an incorrect verdict leading to substantial injustice." *Rodrigue v. Dixilyn Corp.,* 620 F.2d 537, 541 (5th Cir. 1980), *cert denied,* 449 U.S. 1113, 66 L. Ed. 2d 842, 101 S. Ct. 923 (1981); *Pate v. Seaboard R.R., Inc.,* 819 F.2d 1074, 1083 (11th Cir. 1987); *Ames v. Provident Life & Accident Ins. Co.*, 942 F. Supp. 551, 558-59 (S.D. Fla. 1994).  It is hard to imagine why *two* erroneous instructions, one of which goes against the standard instruction and both which invoke inferences to be drawn against the defendant, would not have resulted in substantial injustice to the defendant herein.  Accordingly, the defendant respectfully requests a new trial.

Respectfully submitted,

By: /s/ Michael B. Buckley, Esq.
Michael B. Buckley, Esq.
BUCKLEY LAW GROUP, P.A.
150 Second Avenue North,
Morgan Stanley Tower,
Suite 1200
St. Petersburg, Florida 33701
Telephone: (727) 822-4800
Facsimile:  (727) 490-3101
mbuckley@buckleylawgroup.com
ggorday@buckleylawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via electronic notice by the CM/ECF system, this 22[th] day of December, 2014, on all counsel or parties of record on the Service List below.

s/   Michael B. Buckley, Esq.

## SERVICE LIST

| **Evan R. Marks, Esq.**<br>MARKS & WEST, P.A.<br>100 Southeast 2nd Street, Suite 2700<br>Miami, Florida 33131<br>Telephone:  (305) 374-0210<br>Facsimile:   (305) 374-4089<br>**Primary:** emarks@marksandwest.com<br>**Secondary:** mvalladares@marksandwest.com<br><br>*Counsel for The Collection, LLC* | **Paul J. Schwiep**, **Esq.**<br>COFFEY | BURLINGTON<br>2601 South Bayshore Drive, Penthouse<br>Miami, Florida 33133<br>O.  305-858-2900<br>M.  305-495-3833<br>www.coffeyburlington.com<br><br>*Counsel for The Collection, LLC* |
|---|---|

[6]