UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 13-22841-CIV-GRAHAM/SIMONTON

THE COLLECTION,LLC,

      Plaintiff,

vs.

INTREPID INSURANCE CO.,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

**THIS CAUSE** came before the Court on Defendant's Motion for a New Trial. [D.E. 146].

**THE COURT**, has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons stated herein, Defendant's motion is denied.

Defendant moves for judgment as a matter of law under Rule 50(b), and alternatively for a new trial under Rule 59. In support of its motion, Defendant contends that the jury should not have been allowed to draw a negative inference based upon non-party witness, Scott Newcomb's invocation of his Fifth Amendment right against self-incrimination. Additionally, Defendant asserts that because this was an insurance coverage case, there was no right to a plenary jury trial.

## I.   Background

Plaintiff, The Collection, LLC ("The Collection"), an automobile dealership located in Coral Gables, Florida, brought this breach of contract action against Defendant Intrepid Insurance Co. ("Intrepid") seeking coverage under the applicable policy's "deception" provision. In dispute was whether The Collection was entitled to coverage under the deception provision of the policy for losses incurred when The Collection gave possession of certain vehicles and titles for those vehicles to Newcomb Motors, an out of state auto dealer, whose checks for those vehicles were dishonored by the bank. Pre-trial, The Collection argued that it is entitled to coverage because the buyer of the vehicles, Scott Newcomb ("Newcomb"), the owner and operator of Newcomb Motors, induced The Collection to voluntarily give possession of the vehicles, through a fraudulent scheme to steal money from his bank, to which he ultimately pled guilty. Intrepid, on the other hand, asserted that coverage was unavailable to The Collection, because there is no evidence that Scott Newcomb acted with the requisite criminal intent to steal the vehicles from The Collection.

Prior to trial, this Court ruled on the parties' cross motions for summary judgment identifying genuine issues of fact regarding Newcomb's intent. Specifically, at issue was whether Newcomb had criminal intent to steal from The Collection thereby triggering Intrepid's liability under the "deception" coverage of the insurance policy. Notwithstanding the parties' failure to secure

2

testimony from Newcomb prior to the discovery cutoff, the Court entered an order directing the parties to depose Newcomb, who is incarcerated in prison. [D.E. 76].   Throughout his deposition, Newcomb invoked his Fifth Amendment right against self-incrimination and refused to answer questions, including when asked directly about his intent to steal from The Collection. During the trial, the parties read portions of Newcomb's deposition testimony to the jury.

After a four day trial, the Court, in accordance with the Eleventh Circuit decision in Coquina Inv. V. TD Bank, NA, 760 F.3d 1300, 1310-11 (11th Cir. 2014), instructed the jury that it may, but need not, draw a negative inference against the witness based on his refusal to answer particular questions or to testify. The Court further instructed that "[a]negative inference means that you can infer from the witness's assertion of his Fifth Amendment privilege that the answer would have been adverse, or harmful, to the witness's interest." [D.E. 138 at p. 10]. The jury returned a verdict in favor of The Collection, finding that it was entitled to coverage under the policy issued by Intrepid, and awarding $291,821.20 in damages.

## II.  Standard of Review

Under Rule 50(b), a party may renew its motion for judgment as a matter of law after the jury has returned a verdict. Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1251 (11th Cir.2007). The renewed motion must be based upon the

same grounds upon which the movant first sought judgment as matter of law. See Doe v. Celebrity Cruises, Inc., 394 F.3d 891, 903 (11th Cir.2004). Judgment as matter of law is appropriate if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed.R.Civ.P. 50(a)(1). In deciding a Rule 50 motion, the Court must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

As an alternative to entering a judgment as a matter of law, the Court may grant a new trial after a jury trial on all or some of the issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a)(1)(A). A party may seek new trial on the grounds "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940). "Because it is critical that a judge does not merely substitute his judgment for that of the jury, 'new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence.'" Lipphardt v. Durango

4

Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir.2001) (quoting Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir.1984)).

**III. Analysis**

   **a.   Adverse Inference**

Intrepid first asserts that the jury should not, as a matter of law, have been allowed to draw a negative inference based upon Newcomb's invocation of his Fifth Amendment right against self-incrimination during his deposition. Intrepid contends that allowing the jury to consider Newcomb's deposition testimony and to draw an adverse inference therefrom was overwhelmingly prejudicial against defendant since the primary coverage issue revolved around his intent at the time he issued checks to obtain possession of the subject vehicles. [D.E. 146].

Because the primary issue in this case was the presence or absence of Newcomb's criminal intent, it was proper for the jury to consider his deposition testimony. However, contrary to Intrepid's assertion, in considering his testimony, the jury was instructed that it may draw a negative inference against Newcomb, the witness asserting his Fifth Amendment privilege, not against Intrepid.

Moreover, in addition to Newcomb's deposition testimony, and his invocation of the Fifth Amendment privilege against self-incrimination in response to direct questions regarding his intent to steal from The Collection, there was substantial circumstantial evidence presented of Newcomb's criminal intent. This evidence

included: (1) Newcomb's false statements to The Collection with respect to the ongoing success of his business; (2) Newcomb's federal charge and conviction for bank fraud based in large part on the creation of fictitious invoices from The Collection presented to his bank in order to fraudulently obtain loan proceeds exceeding $1 million, which his insolvent business could never repay; (3) Newcomb's submission of worthless checks to The Collection for payment of vehicles at a time when his bank account was overdrawn, "on hold," and where he had no ability to legitimately repay his overdrawn account; (4) Newcomb's subsequent false statements to The Collection; and (5) the Western District of Virginia's Court finding that The Collection was a "victim" under the federal Victim and Witness Protection Act, 18 U.S.C. § 3663 as a "direct and proximate" consequence of Newcomb's conduct. Based upon the foregoing evidence, a reasonable jury could easily infer that Newcomb acted with criminal intent to steal from The Collection.

Drawing all reasonable inferences in favor of the Collection, a reasonable jury had a legally sufficient evidentiary basis to infer Newcomb's criminal intent and find in favor of The Collection.

### b.   Right to a Plenary Jury Trial

Intrepid next asserts that there was no right to a plenary jury trial. [D.E. 146]. Intrepid contends that this is a coverage case and the jury should have been advisory. The Court finds Intrepid's argument without merit. Although Intrepid initially

6

brought this case as a claim for declaratory judgment regarding coverage, the Court dismissed Intrepid's claim, realigned the parties, and The Collection's Counterclaim for breach of contract became the operating complaint. [D.E. 18]. Prior to trial, Intrepid did not object to or move to strike The Collection's demand for a jury trial. To the contrary, the parties' joint status report and pre-trial stipulation filed with the Court indicated that The Collection requested a jury trial. [D.E. 16 and 49]. Further, at trial, Intrepid raised no objection and did not request a non-jury trial. The Court treats Intrepid's failure to raise objection to a jury trial as a waiver. Further, Intrepid's post trial objection is not a basis for new a trial. "The Court may not grant a new trial based on alleged errors committed during trial when the moving party failed to make timely objections to those errors during trial; in other words, the moving party may not raise objections to alleged errors for the first time in a motion for new trial." Richardson v. Bombardier, Inc., 2005 WL 3087864, at *7 (M.D. Fla. Nov. 16, 2005) aff'd sub nom. Ferguson v. Bombardier Servs. Corp., 244 F. App'x 944 (11th Cir. 2007). Moreover, contrary to Intrepid's argument, because The Collection was initially named as a party in Intrepid's dismissed claim for declaratory judgement, it is not deprived of its right to a jury trial on its breach of contract claim. In re Atlas Roofing Corp. Chalet Shingle Products Liab. Litig., 2014 WL 1908735, at *6 (N.D. Ga. May 12, 2014). Accordingly, Intrepid's motion is denied.

## IV.   Conclusion

Because the jury's verdict was founded on a legally sufficient basis and was not contrary to the great weight of the evidence, there is no basis for either judgment as a matter of law or a new trial under Rule 50(b) or Rule 59. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for a New Trial [D.E. 146] is **DENIED.**


**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of _April_ , 2015.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE